QUINCE, Judge.
The state seeks review of a trial court order granting a motion to dismiss an information based on lack of venue. We reverse because venue is appropriate in either Pinel-las County or Polk County.
Appellee Percell Wise was charged by information filed in Pinellas County, Florida, with forty-three counts of making written threats in violation of section 836.10, Florida Statutes (1991). Wise filed a motion to dismiss the information, alleging the trial court lacked jurisdiction because the threatening letters were written and sent from Avon Park Correctional Institution in Polk County, Florida. Appellee was in fact incarcerated at Avon Park on a ten year sentence for aggravated battery when he wrote the letters. He had been convicted of pouring boiling oil on the face of Linda Davis, who was also the victim of the threatening letters. Of the eighty letters received by the victim from appellee, forty-three contained threats to kill or to do bodily harm. Most of the letters were on Avon Park stationery with appellee’s name, inmate number, and inmate box number on them. The trial court granted the motion to dismiss the information, concluding the crime had been committed in the county where the letters were written and sent.
The state correctly contends venue is proper in either the county where the letters were written and mailed or in the county where the letters were received. Section 910.05, Florida Statutes (1991), allows prosecution of a crime in the county where any of the acts constituting the offense took place. Appellee was charged with sending written threats to kill or do bodily injury in violation of section 836.10, Florida Statutes (1991). Section 836.10 provides:
836.10. Written threats to kill or do bodily injury; punishment
If any person writes or composes and also sends or procures the sending of any letter or inscribed communication, so written or composed, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent, the person so writing or composing and so sending or procuring the sending of such letter or communication, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
*1030 A violation of this statute occurs when: (1) a person writes or composes a threat to kill or do bodily injury; (2) the person sends or procures the sending of that communication to another person; and (3) the threat is to the recipient of the communication or a member of his family. Smith v. State, 532 So.2d 50 (Fla. 2d DCA 1988).
Thus, as the state suggests, the act of sending under this statute involves not only the depositing of the communication in the mail or through some other form of delivery, but also encompasses the receipt of the communication by the person being threatened. Support for the proposition that a sending also involves receipt by the addressee can be found in the definition of the word “send.” The term is defined in Black’s Law Dictionary 1361 (6th ed. 1990) as follows:
Send. Term in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none, to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending. U.C.C. § 1-201(38). (emphasis added)
When the deposit in the mail is made in one county and the communication is received in another county, the act of “sending” occurs, for venue purposes, in more than one place. Venue is proper in either county because an act constituting a part of the offense occurred in both places. See § 910.05, Fla. Stat.[1]
This reading of the statute also finds support in our courts’ treatment of the crime of uttering a forged instrument, and in the federal courts’ treatment of crimes involving use of the mail. In Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), our supreme court, in a prosecution for uttering a forged instrument, found venue proper in the county where the forged instrument was received. The court opined the uttering was not complete until the forged instrument was received by the person to whom it was delivered. See State v. Dreyer, 594 So.2d 327 (Fla. 2d DCA), review denied, 605 So.2d 1263 (Fla.1992).
On the federal side, Congress has enacted 18 U.S.C. § 3237(a), a venue statute. This statute allows prosecution in the district where a crime began, continued or ended. In addition, any crime involving use of the mails is a continuing offense which may be prosecuted in any district from, through, or into which such mail moved. U.S. v. Smith, 918 F.2d 1551 (11th Cir.1990). It is therefore appropriate under federal law to prosecute the crime of submitting a false statement to a bank in either the district where the false statement was prepared and mailed or where the statement was received. U.S. v. Wuagneux, 683 F.2d 1343 (11th Cir.1982), cert, denied, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). Accord U.S. v. McGre-gor, 503 F.2d 1167 (8th Cir.1974), cert, denied, 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 395 (1975) (use of mails to defraud may be prosecuted in district where communication sent or received).
As we stated in Smith v. State, 532 So.2d at 52, “[s]ection 836.10 is justified by the right of all persons to live free of unexpected and unwarranted fear of harm; .... ” Since the act of “sending” under section 836.10 continues from deposit to receipt, venue is proper in either the sending or the receiving county. Therefore, the trial court erred in dismissing the information; venue was appropriate in Pinellas County. This cause is reversed and remanded for further proceedings.
THREADGILL, C.J., and BLUE, J„ concur.

. This is not to say that prosecution would not be appropriate in a case in which a threatening letter was mailed but not received by the intended recipient. That issue is not before us on the facts of this case. Here, we merely conclude that where an intended recipient does in fact receive a communication in a different venue from the place of mailing, venue is appropriate in either locale.