842 So.2d 174 (2003)
Delbert BEARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2182.
District Court of Appeal of Florida, Second District.
March 7, 2003.
Rehearing Denied April 10, 2003.
*175 James Marion Moorman, Public Defender, and Edward Lee Giles, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Delbert Beard appeals his convictions for three counts of aggravated battery with a deadly weapon. Mr. Beard claims that the evidence was insufficient to sustain his convictions and that the trial court should have granted his motion for judgment of acquittal as to the charges. We agree that the evidence was insufficient as to counts two and three, but affirm as to count one.
Mr. Beard attended a party with a large gathering of young people at the home of Jeff Gordak on September 6, 1999. Later in the evening an altercation occurred between Mr. Beard and Mr. Gordak inside the residence. Mr. Beard was removed from the residence by numerous partygoers and a further scuffle ensued. Mr. Beard told one of the attendees, Dennis Charlsey, that he needed to reenter the residence to retrieve the keys to his automobile in order to leave the premises. Mr. Charlsey went inside the residence and Mr. Beard followed. While inside the house, Mr. Beard again came into contact with Mr. Gordak. There was another confrontation between Mr. Beard and Mr. Gordak. At that time, Mr. Beard stabbed Mr. Gordak in the stomach with a folding knife which had a serrated blade approximately four inches in length. Mr. Beard bolted from the residence after the stabbing and got into his automobile. Numerous young people who were attending the party jumped onto Mr. Beard's car. Mr. Beard quickly backed out of the driveway. During the time Mr. Beard was backing his automobile down the long driveway, Mr. Charsley and another partygoer, Eric Clark, who had remained inside, exited the residence. When the two young men stepped into the driveway they were hit by Mr. Beard's automobile. Both young men testified that they were hit almost immediately after coming out of the house.
Mr. Beard was charged in count one with aggravated battery of Mr. Gordak with a deadly weapon, a knife; in count two with aggravated battery of Mr. Charlsey with a deadly weapon, a motor vehicle; and in count three with aggravated battery of Mr. Clark with a deadly weapon, a motor vehicle. The jury found Mr. Beard guilty of all counts as charged. On appeal, Mr. Beard claims that the trial court erred when it denied his motion for judgment of acquittal as to all three counts of aggravated battery.
Simple battery is defined in section 784.03(1)(a), Florida Statutes (1999), as having occurred when a person: "1. [a]ctually and intentionally touches or strikes another person against the will of the other; or 2.[i]ntentionally causes bodily harm to another person." Aggravated battery, as defined in section 784.045(1)(a), Florida Statutes (1999), occurs when a person, who in committing battery: "1. [i]ntentionally or knowingly causes great *176 bodily harm, permanent disability, or permanent disfigurement; or 2.[u]ses a deadly weapon." Intent is a necessary element of battery, and must be determined by surrounding circumstances. R.T.L. v. State, 764 So.2d 871 (Fla. 4th DCA 2000); Paul v. Holbrook, 696 So.2d 1311 (Fla. 5th DCA 1997). A defendant who does not intend the injuries received by the victim does not commit aggravated battery. Knott v. State, 573 So.2d 179 (Fla. 2d DCA 1991).
In Pagan v. State, 830 So.2d 792, 803 (Fla.2002), the Florida Supreme Court summarized the standard of review on a motion for judgment of acquittal:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Id. at 803 (citations omitted). It is clear that there was sufficient evidence to sustain the conviction imposed for count one, the aggravated battery with a deadly weapon against Mr. Gordak. The trial court did not err when it denied the motion for judgment of acquittal as to this charge.
However, the facts of the present case relating to the events surrounding Mr. Charlsey and Mr. Clark are very similar to those in W.E.P. v. State, 790 So.2d 1166 (Fla. 4th DCA 2001). In that case, W.E.P. was driving a truck which was being pursued by an automobile in which the driver and passengers were verbally threatening him. W.E.P. slammed on his brakes and stopped his vehicle in the driveway of the home of an off-duty police officer. The officer exited his house in his boxer shorts and did not have his police identification with him. He stopped the truck and ordered W.E.P. to roll down his window. W.E.P. refused. The officer opened the door of the truck and told W.E.P. to turn the engine off and to get out of the truck. W.E.P. refused and the officer leaned into the truck and attempted to take the keys out of the ignition. W.E.P. was in fear of the persons in the automobile who were still threatening him and throwing beer bottles in the street. W.E.P. had no proof that the man trying to take his keys was really a police officer. W.E.P. grabbed the officer's arm, prevented him from taking the keys, and put the truck in gear. The officer, who was halfway inside the truck, was caught on the seatbelt and dragged for a short distance before he fell in the street. W.E.P. was charged with felony battery.
The Fourth District found that the State failed to prove the elements of felony battery in that it did not prove that W.E.P. intentionally struck the police officer. The appellate court agreed that the State also failed to offer evidence inconsistent with W.E.P.'s reasonable hypothesis of innocence, namely that he was acting in self-defense. The appellate court concluded that there was no evidence that W.E.P. aimed his truck at the officer or that he was aware the officer was "attached to the truck" before he stopped and he saw the officer get up off the street. The court found that the evidence was equally susceptible to the conclusion that W.E.P. was attempting to get away from his attackers and that he did not have the intent to batter the officer.
In the present case, there was no evidence that Mr. Beard was intentionally trying to run over the people who were attacking him and climbing on his automobile. Additionally, there was no evidence *177 that he intended to run over the unfortunate young men who were in the driveway as he attempted to get away. As in W.E.P., it appears that Mr. Beard was merely attempting to escape the situation in which he found himself and hit Mr. Charlsey and Mr. Clark. Accordingly, the convictions for counts two and three must be reversed because the motion for judgment of acquittal as to those charges should have been granted.
On appeal, Mr. Beard also asserted that the trial court erred when it denied his motion for mistrial based upon the allegedly improper comments of the prosecutor during closing arguments. We find this assertion to be without merit and affirm the denial of the motion without further comment.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, C.J., and STRINGER, J., concur.