[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12850
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00350-CV-J-32TEM

GARY KENNETH WILLIAMS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Gary Kenneth Williams, a Florida state prisoner serving a 30-year sentence following his conviction for aggravated battery upon an elderly victim, appeals the district court's denial of his *pro se* 28 U.S.C. § 2254 federal habeas petition.  The district court granted a certificate of appealability (COA) as to Williams' claim the inculpatory evidence adduced at trial was insufficient to support his conviction because that evidence was based solely on the victim's prior inconsistent statements (insufficient-evidence claim).  This Court then expanded the COA to include Williams' claim his trial attorney was ineffective for failing to object to the State's use of those prior inconsistent statements (ineffective-assistance claim).  After, review, we affirm the district court.[1]

I.

Williams first contends the district court erred in denying his insufficient-evidence claim because, without the victim's prior inconsistent statements, the State could not have proven the elements of the offense.  Williams

---

[1]  We note the State, on appeal, has changed its position on exhaustion as to the insufficient-evidence claim.  Specifically, while the State conceded exhaustion in the district court, it now asserts that exhaustion is incomplete.  Despite the State's arguments, however, we will examine the merits of Williams' insufficient-evidence claim.  The district court ruled on the merits of the claim and exhaustion is not jurisdictional.  *See Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007) (noting the exhaustion requirement is not jurisdictional).  As the district court did not examine the exhaustion issue because of the State's apparent concession or waiver of the issue, we decline to examine the exhaustion issue for the first time on appeal.

2

asserts Supreme Court precedent holds a conviction based solely on such evidence violates due process.

When considering a district court's denial of a 28 U.S.C. § 2254 petition, we review the district court's factual findings for clear error and its legal determinations *de novo*. *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 907 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1141 (2010). We will not grant habeas relief on a state prisoner's claim that was denied on the merits in state court unless the state court decision: "'(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Putman v. Head*, 268 F.3d 1223, 1240-41 (11th Cir. 2001) (quoting 28 U.S.C. § 2254(d)).

*Jackson v. Virginia*, 99 S. Ct. 2781 (1979), provides the federal due process benchmark for evidentiary sufficiency in criminal cases. *See Green v. Nelson*, 595 F.3d 1245, 1252-53 (11th Cir. 2010). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 99 S. Ct. at 2789.

A conviction for aggravated battery upon an elderly victim under § 784.08(2)(A), Fla. Stat., requires proof the defendant intended to cause the elderly victim great bodily harm, permanent disability, or permanent disfigurement. *See* §§ 784.045(1)(a), 784.08, Fla. Stat.; *Beard v. State*, 842 So. 2d 174, 175-76 (Fla. 2d DCA 2003). Intent "must be determined by surrounding circumstances." *Beard*, 842 So. 2d at 176.

The district court did not err in denying Williams' insufficient-evidence claim. Notably, even assuming prior inconsistent statements, standing alone, are insufficient to sustain a criminal conviction,[2] Williams' conviction did not rest solely on such evidence. In particular, the State introduced two admissions by Williams that he had struck the victim. These admissions, along with evidence of the victim's injuries, the victim's vulnerable age, and other surrounding circumstances, sufficiently established each element of Williams' offense.

---

[2] We note that neither *Jackson* nor the other two Supreme Court cases cited by Williams provide that prior inconsistent statements are insufficient to sustain a criminal conviction. *See Jackson*, 99 S. Ct. at 2792 (holding the circumstantial evidence in the record supported a finding of intent to kill); *Fiore v. White*, 121 S. Ct. 712, 713-14 (2001) (holding the petitioner's conviction for operating a hazardous waste facility without a permit violated due process because the prosecution presented no evidence of failure to possess a permit); *Bridges v. Wixon*, 65 S. Ct. 1443, 1452 (1945) (holding only that a court may not admit hearsay for substantive, as opposed to impeachment, purposes).

II.

Williams next asserts the district court erred in denying his ineffective-assistance claim. He asserts his trial attorney's failure to object to the State's use of the victim's prior inconsistent statements as the only substantive evidence of guilt amounted to deficient performance. Further, according to Williams, this deficient performance was prejudicial because his conviction rested solely on those prior inconsistent statements.

An ineffective-assistance claim presents a mixed question of law and fact which we review *de novo*. *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). To succeed on an ineffective-assistance claim, the petitioner must show his Sixth Amendment right to counsel was violated because (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 104 S. Ct. 2052, 2064, 2070 (1984). The first prong requires the petitioner to show, "considering all the circumstances," his attorney's "representation fell below an objective standard of reasonableness." *Id.* at 2064-65. Judicial review of an attorney's performance "must be highly deferential," and the court must "eliminate the distorting effects of hindsight" and evaluate the attorney's performance from that attorney's perspective at the time the challenged conduct occurred. *Id.* at 2065. To meet the second prong, the petitioner must

"affirmatively prove prejudice." *Id.* at 2067. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

The district court did not err in denying Williams' ineffective-assistance claim. Specifically, Williams' trial attorney was not deficient for failing to object to the State's use of the victim's prior inconsistent statements as the only substantive evidence of guilt. As discussed in issue one, there was other evidence that sufficiently established Williams' guilt, and such an objection would have been meritless. Further, even assuming deficient performance, Williams suffered no prejudice because the totality of the evidence before the jury renders it reasonably improbable that, without the prior inconsistent statements, the jury would have had a reasonable doubt respecting guilt.

**AFFIRMED.**