VAN NORTWICK, J.
 

 Thomas Bonge seeks reversal of his judgment of conviction and sentence for battery, arguing that the trial court reversibly erred in denying his motion to dismiss. We agree. Given the facts admitted by the State in its traverse, there are no material facts in dispute and under the undisputed facts the State could not establish a
 
 prima facie
 
 case against Bonge for the offense of battery. Accordingly, the trial court erred in denying Bonge’s motion to dismiss and we reverse.
 

 
 *1232
 
 Bonge was charged by information with battery on a person 65 years of age or older, contrary to section 784.08(2)(c), Florida Statutes. This offense incorporates the elements of the offense of battery as contained in section 784.03. The stated victim of the alleged battery was Bonge’s 94 year-old mother, who was residing in a nursing home at the time of the alleged offense. The charge was occasioned by Bonge’s removal of his mother from the nursing home to take her to a hospital emergency room. Bonge filed a sworn motion to dismiss the information pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure. In his motion to dismiss, he made the following factual assertions:
 

 1. Mr. Bonge is charged with battery on Marie Andree, a person 65 years of age or older, on February 16, 2009, in violation of section 784.08(2)(c), Fla. Stat.
 

 2. Marie Andree is Defendant’s mother.
 

 [[Image here]]
 

 4. At the time of the alleged crime, Marie Andree was 94 years old.
 

 [[Image here]]
 

 7. Since several years prior to the alleged crime, Defendant has been Ms. Andree’s primary caretaker, and when she has not been hospitalized, she has lived with him.
 

 8. At the time of the alleged crime, Marie Andree was a patient at Heritage Health Care, a rehabilitation hospital and nursing home, ...
 

 [[Image here]]
 

 10.At the time of the alleged crime, Defendant took his mother in her wheel chair to a Heritage exit door where his car was parked.
 

 11. At trial, Lovey Harris, a Heritage employee, would testify that at the time of the crime, Defendant parked Ms. An-dree’s wheelchair at the exit and told her “let’s go.” (Harris Tr. 6). Ms. An-dree said “it’s cold outside, I don’t want to go, it’s cold outside.” (Harris Tr. 6). Ms. Andree said this when Defendant first parked the wheelchair and this was the only time she spoke. (Harris Tr. 11). Defendant “grabbed her by her left arm and yanked her up out of the chair, and she was — she wasn’t saying anything at this time, and from looking at her, she was getting — I guess her legs were weak or whatever, and he was still trying to pull her out of the door. So he got her under the arms and he pulled her on out of the door, and her legs were — she didn’t have on any shoes. She had on socks. And her legs — her feet were dragging on the ground.” (Harris Tr. 6-7). A Heritage staff person held the door for Defendant while he took his mother out. (Harris Tr. 9-10). Ms. Harris checked to make sure Defendant had signed his mother out, and he had. (Harris Tr. 7). (Citations are to the transcript of the taped statement Ms. Harris gave to law enforcement).
 

 12. Defendant’s purpose in touching his mother while moving her from her wheel chair to the car, was to help her get to the car without falling, in order to take her to the hospital.
 

 13. Once he got his mother to the car, Defendant took her to the Tallahassee Memorial Regional Medical Center emergency room.
 

 [[Image here]]
 

 15. At the February 27, 2009, hearing, the State took the position, upheld by the Court, that Ms. Andree is not competent to testify. The State’s position was based in part on Ms. Andree’s mem
 
 *1233
 
 ory gaps demonstrated in her response to questions at the hearing.
 

 In its traverse to the motion to dismiss, the State admitted to all of the facts set forth in the paragraphs quoted above. With respect to paragraph 12, the State admitted the facts claimed therein and further added that the “victim protested being removed from the facility.” Further, in its traverse the State asserted that Bonge’s mother was incompetent at the time of the offense. After the trial court denied the motion to dismiss, Bonge pled guilty to the lesser offense of battery while reserving the right to appeal the denial of his motion to dismiss.
 

 The purpose of a motion to dismiss an information pursuant to rule 3.190(c)(4) is to “ascertain whether the undisputed facts which the State will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged.”
 
 Lowe v. State,
 
 40 So.3d 789, 791 (Fla. 5th DCA 2010),
 
 quoting State v. Walthowr,
 
 876 So.2d 594, 595 (Fla. 5th DCA 2004). Because this appeal raises a question of law, the standard of review is
 
 de novo. State v. ShoU,
 
 18 So.3d 1158, 1160 (Fla. 1st DCA 2009). Based upon the facts admitted in the traverse, the State could not establish a prima facie case for the offense of battery. Section 784.08, which proscribes battery on a person 65 years of age or older, incorporates the definition of battery contained in section 784.03. Section 784.03(1)(a) defines battery as occurring when a person actually and intentionally touches or strikes another person against the will of the other or intentionally causes bodily harm to another person. Intent is an element of battery.
 
 Beard v. State,
 
 842 So.2d 174, 176 (Fla. 2d DCA 2003). The intent to commit a battery is determined by the circumstances surrounding the touching or the striking of the victim.
 
 Id.; S.D. v. State,
 
 882 So.2d 447, 448 (Fla. 4th DCA 2004). Given the specific facts of this case, which were admitted by the State below, the State could not establish that Bonge intended to touch his infirm and elderly mother against her will when he lifted her from her wheelchair and placed her in his car for transport to a local emergency room.
 

 The order denying dismissal of the information is REVERSED, appellant’s conviction is REVERSED, and his sentence is VACATED.
 

 LEWIS and CLARK, JJ., concur.