WARNER, J.,
dissenting.
I dissent. The statute punishes the sending of the letter, not the number of persons threatened in the letter. Therefore, two of the four convictions violate double jeopardy.
For purposes of this dissent, I have edited the statute to include only the operative portions of section 836.10, Florida Statutes (2004), applicable to this case:
If a person writes ... and also sends ... any letter ... to any person, containing a threat to kill or to do bodily injury to the person to whom such letter ... is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter ... is sent, the person so writing ... and so sending ... of such letter, shall be guilty of a felony of the second degree ....
As noted in State v. Wise, 664 So.2d 1028, 1030 (Fla. 2d DCA 1995), a violation of this statute occurs when: (1) a person writes or composes a threat to kill or do bodily injury; (2) the person sends or procures the sending of that communication to another person; and (3) the threat is to the recipient of the communication or a member of his family. The act of sending the letter is the prosecutable offense. Wise involved the issue of venue for the prosecution of the offense, and the court explained that the act of sending for venue purposes can include where the letter was received. In a footnote, however, the court noted: “This is not to say that prosecution would not be appropriate in a case in which a threatening letter was mailed but not received by the intended recipient.” In other words, the court did not decide that receipt of the letter was an essential element of the offense.
Section 836.10, Florida Statutes is similar to 18 U.S.C. § 876(b) involving the mailing of threatening communications. The federal statute requires an intent not present in the Florida statute but also punishes the sending of a communication containing a threat to injure the addressee:
Whoever, with intent to extort from any person any money or other thing of value, so deposits, or causes to be delivered, as aforesaid, any communication containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than twenty years, or both,
(emphasis added). The crime contains only two elements: “(1) a threatening communication (2) sent through the mails.” See United States v. Geisler, 143 F.3d 1070, 1071-72 (7th Cir.1998). Federal cases suggest that the unit of prosecution is the letter, not the number of people to whom it is addressed nor the number of people threatened in the letter. For instance, in United States v. Lincoln, 589 F.2d 379 (8th Cir.1979), the defendant sent two letters which were addressed to the Clerk of Court of the U.S. Court of Appeals for the Eighth Circuit, and each letter made threats against all of the judges of the Eighth Circuit. The defendant was charged and convicted for only two offenses, namely one for each letter sent. In United States v. Chapman, 440 F.Supp. 1269 (E.D.Wis.1977), a letter addressed to two individuals and threatening both of them was treated as one violation of the statute. Mailing the letter, not writing it or its contents, is the “gravamen of the offense.” Bender v. United States, 387 F.2d 628, 630 (1st Cir.1967).
Grappin v. State, 450 So.2d 480 (Fla.1984), is more on point to this case than Bautista v. State, 863 So.2d 1180 (Fla. *152 2003), relied on by the majority. In Grap-pin, the defendant stole five firearms during a single burglary and was charged with five separate offenses of grand theft. The statute imposed punishment for the theft of “a firearm.” The court determined that by use of “a,” the legislature determined that the theft of each firearm was a separate unit of prosecution. However, it noted that federal courts had construed the prohibition of the theft of “any firearm ” as being ambiguous to the unit of prosecution, thus requiring the application of the rule of lenity, precluding multiple charges for the theft of multiple firearms in a single theft.
In the same way, section 836.10 prohibits the sending of any letter. Just like the theft of any firearm, the unit of prosecution is ambiguous. Therefore, based upon the principle of lenity, the unit of prosecution must be the letter sent, not the number of persons to whom that one letter is sent.
The majority cites Bautista v. State, 863 So.2d 1180 (Fla.2003), as authority for its position. However, Bautista notes that “absent clear legislative intent to the contrary, the a/any test serves as a valuable but nonexclusive means to assist in determining the intended unit of prosecution.” Id. at 1188 (emphasis added). In Bautis-ta, the court found clear legislative intent to permit DUI manslaughter prosecutions based upon the number of deaths arising from a single incident. Bautista concluded that the Legislature intended to punish each death occurring in a DUI manslaughter, relying on the fact that homicide statutes punish each death, and that the original manslaughter statutes punished the killing of “a” human being. Thus, Bautis-ta was based on an account of legislative history of manslaughter.
On the other hand, the Bautista court also noted its prior decision in Wallace v. State, 724 So.2d 1176 (Fla.1998), where the court held that a defendant who resisted two officers during a single incident could be charged with only one crime because the statute prohibited resisting “any” officer. Relying on the principle of lenity, Wallace concluded that the Grappin analysis should apply.
In this case, the majority cannot cite any legislative history or clear intent to justify its result. There is none. The majority concludes that the focus of section 836.10 is the threat to the person to whom a communication is sent. But Wise, as well as a comparison of the similar federal statute, show that the focus is the sending of a letter, not its receipt and the striking of fear in the mind of the recipient.
Mauldin v. State, 9 So.3d 25 (Fla. 4th DCA 2009), cited by the majority, is also inapplicable, because the unit of prosecution under the assault statute is a single person. See § 784.011(1), Fla. Stat. (“[A]n intentional, unlawful threat ... to do violence to the person ... which creates a well-founded fear in such ... person that violence is imminent.”) (emphasis added). An essential element of the offense is the victim’s well-founded fear of violence. See Johnson v. State, 888 So.2d 691 (Fla. 4th DCA 2004). Therefore, the statute focuses on the effect of the perpetrator’s acts on the victim. In contrast, section 836.10 does not require any effect on the victim as an essential element of the crime. Neither the actual intent to do harm, nor the ability to carry out the harm threatened, is an essential element of the crime. See Smith v. State, 532 So.2d 50, 52 (Fla. 2d DCA 1988). The focus of the statute is on the sending of the communication.
The issue of the unit of prosecution renders the statute ambiguous. Where a criminal statute is ambiguous, the rule of lenity applies, and the statute must be construed most favorably to the accused. *153 See Kasischke v. State, 991 So.2d 803, 814 (Fla.2008). This rule has been applied to ambiguity involving statutes where the court must use the a/any test to determine the unit of prosecution. See Francis v. State, 41 So.3d 975 (Fla. 5th DCA 2010) (involving convictions for possession of firearms by a convicted felon). The majority has not pointed to clear legislative intent, other than the ambiguous language of the statute itself, to support its position.
Moreover, even under the majority’s opinion, the four convictions violate double jeopardy. The majority holds that the allowable unit of prosecution is the number of persons to whom the letter is sent. The defendant sent two letters in this case, but each was addressed to only one person. One was addressed to Karen Robertson. The other was addressed to Hope Suggs. In each, the defendant rambled about his difficulties with each woman and his children. He made threats against both Hope and Karen in each letter, but again each letter was sent to only one person. Therefore, even under the majority’s analysis, only two convictions should result from the sending of these letters.
Furthermore, although not raised by appellant in his brief (even though the issue was raised at trial), the statute does not punish appellant for sending a letter to Hope threatening Karen and vice versa. Karen and Hope are not related, so they are not a “member of the family” of the other. Therefore, even if the letter to Hope did threaten Karen, it is not a violation of the statute.
For all of these reasons, I would reverse, remand, and instruct the trial court to vacate two of the four convictions for violating section 836.10.