VAN NORTWICK, J.
We have for review the trial court’s denial of Timothy Ryan O’Leary’s motion to dismiss the two counts of sending written threats to kill or do bodily harm in violation of section 836.10, Florida Statutes (2011). Appellant argues that, because the threats at issue were simply posted on his personal Facebook[1] page, the threats were *875 not “sent” to the alleged victims as required by the statute. Thus, he asserts, he did not violate the statute. Because we hold that, under the circumstances of this case, appellant violated section 836.10 by posting the threats on his Facebook page, we affirm.
Appellant composed and posted a statement on his personal Facebook page which threatened death or serious bodily injury. The objects of the threat were a relative of the appellant and her partner.[2] Michael O’Leary, appellant’s cousin, was a Face-book friend of appellant. As such, Michael viewed the posts on appellant’s Facebook page, although it is undisputed that appellant never expressly asked Michael to view the Facebook page or the threatening post. Nevertheless, as a Facebook friend, Michael viewed the post directed towards his relative and her partner. Michael, on his own initiative, showed appellant’s threatening post to his uncle. The uncle, on his own accord, informed the victims about appellant’s Facebook posting.
Appellant was charged with two counts of making written threats to kill or do great bodily harm in violation of section 836.10, Florida Statutes. Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), appellant filed a motion to dismiss, arguing that the facts failed to establish a prima facie case against him under the statute. Specifically, appellant asserted that the uncontested facts established that he never sent or procured another to send any threatening message to either victim. The State filed a traverse and demurrer in response to appellant’s motion to dismiss. While agreeing with nearly all of appellant’s recitation of the facts of the case, the State contended that appellant’s Facebook post constituted a “sending” under Florida law.
The trial court heard argument from both parties on the motion to dismiss. The trial court found that appellant’s posting constituted a “sending” under section 836.10. The trial court provided two bases for the finding. First, the trial court noted that, at the time Michael viewed the posting, it was accessible by any member of the public who wanted to view appellant’s Facebook page. Second, the trial court found that, even if it considered the Face-book posting to have been sent only to Michael, the facts still presented a prima facie violation of the statute. The trial court observed that the posting was an electronic communication, sent to Michael (the recipient), which threatened to kill or do serious bodily harm to a member of the recipient’s family.
Following the trial court’s denial of his motion to dismiss, appellant entered a plea of no contest to one count of making written threats to kill or do serious bodily *876 harm.[3] Appellant specifically reserved the right to appeal the trial court’s denial of his motion to dismiss. The trial court accepted appellant’s plea and subsequently imposed a sentence of ten years’ imprisonment followed by five years of community control.[4] This appeal of the trial court’s denial of the dispositive motion to dismiss followed.
We review a trial court’s denial of a motion to dismiss under a de novo standard of review. Gresham v. State, 908 So.2d 1114, 1115 (Fla. 1st DCA 2005). As we have previously explained, “[t]he purpose of a motion to dismiss an information pursuant to rule 3.190(c)(4) is to ‘ascertain whether the undisputed facts which the State will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged.’ ” Bonge v. State, 53 So.3d 1231, 1233 (Fla. 1st DCA 2011) (citation omitted).
Section 836.10, Florida Statutes (2011), provides:
Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent commits a felony of the second degree.
The Second District Court of Appeal has held that section 836.10 is violated when: “(1) a person writes or composes a threat to kill or do bodily injury; (2) the person sends or procures the sending of that communication to another person; and (3) the threat is to the recipient of the communication or a member of his family.” State v. Wise, 664 So.2d 1028, 1030 (Fla. 2d DCA 1995). At least two other district courts of appeal have adopted the Wise court’s three-element framework for analyzing section 836.10 violations. See Saidi v. State, 845 So.2d 1022, 1027 (Fla. 5th DCA 2003); Suggs v. State, 72 So.3d 145, 147 (Fla. 4th DCA 2011). Although Wise, Sai-di and Suggs each involved a letter or letters as the form of communication, in 2010 the legislature amended section 836.10 to include “electronic communication.” Ch. 2010-51, § 1, Laws of Fla.
The Wise court defined “sending” as “the depositing of the communication in the mail or through some other form of delivery” and “receipt of the communication by the person being threatened.” Wise, 664 So.2d at 1030. While the Wise court dealt with a defendant who had sent a threatening letter directly to the object of his threat, under a plain reading of the statute, receipt of a threatening communication by a family member of the person threatened, which is what occurred in th'e present case, would also fulfill the second prong of Wise’s two-part definition of “sending.”
Our research has failed to uncover any Florida case discussing whether posting a message on one’s personal Facebook page can constitute a “sending” for purposes of section 836.10.[5] The existing *877 Florida case law defining “sending” under the statute, however, is applicable to the instant appeal even though the communication here involves a form of electronic communication. As noted above, the statute expressly applies to “electronic communication.” Here, appellant composed a threat to kill or do serious bodily injury to the victims. Consequently, resolution of this appeal turns on the question of whether appellant “sent” the threatening message by posting it on his personal Face-book page.
Appellant argues that, by posting his message on his personal Facebook page, he, at most, published the message, which is not a violation of the statute. Appellant contends that he “sent” nothing because he neither asked anyone to view the posting on his personal Facebook page, nor addressed the posting to anyone, as would be the case with a letter or email. However, a common sense review of the facts suggests that appellant has done more than he contends.
When a person composes a statement of thought, and then displays the composition in such a way that someone else can see it, that person has completed the first step in the Wise court’s definition of “sending.” When the threatened individual, or a family member of the threatened individual, views and receives the thoughts made available by the composer, the second step in the Wise definition is completed. At that point, the statement is “sent” for purposes of section 836.10. Further, Internet technologies “generally do not involve communications sent directly to another. Rather, communications are posted for the whole world to see, or, in a closed network for a particular community to see, such as a community of ‘Facebook friends.’ ” Jacqueline D. Lipton, Combating Cyber-Victimization, 26 Berkeley Tech. L.J. 1103, 1127-28 (2011) (footnote omitted).
Here, appellant reduced his thoughts to writing and placed this written composition onto his personal Facebook page. In so doing, the posting was available for viewing to all of appellant’s Facebook “friends.” With respect to the posting in question, appellant had requested Michael O’Leary to be appellant’s Facebook friend, a request that Michael accepted. By posting his threats directed to his family member and her partner on his Facebook page, it is reasonable to presume that appellant wished to communicate that information to all of his Facebook friends. Given the mission of Facebook, there is no logical reason to post comments other than to communicate them to other Fa-cebook users. Had appellant desired to put his thoughts into writing for his own personal contemplation, he could simply have recorded them in a private journal, diary, or any other medium that is not accessible by other people. Thus, by the affirmative act of posting the threats on Facebook, even though it was on his own personal page, appellant “sent” the threatening statements to all of his Fa-cebook friends, including Michael. Michael received the composition by viewing it. As the trial court correctly ruled, at that point appellant’s violation of section 836.10 was complete, because the target of the threatening composition was a relative of the recipient.
In summary, we hold that the State made out a prima facie case against appellant by submitting facts showing that appellant composed a threat to kill or do *878 serious bodily injury, sent that communication to another, in this case Michael O’Leary, and the communication threatened a member of the recipient’s family. See Wise, 664 So.2d at 1030. Accordingly, we AFFIRM the trial court’s denial of appellant’s motion to dismiss.
LEWIS and SWANSON, JJ., concur.

. Facebook is a social networking service and website whose mission is “to give people the *875 power to share and make the world more open and connected.” Users who register for an account at the site obtain a Facebook "page” on which they can create a personal "profile” with photographs, a list of interests, and birthday, contact, and other personal information. Users can then invite other Face-book users to become their Facebook "friends,” people who are then part of the user’s own social network. Jason Mazzone, Facebook's Afterlife, 90 N.C. Law Rev. 16431645-46 (2012) (quoting Facebook: About, Facebook, https://www.facebook.com/ facebook?sk=info (last visited Feb. 25, 2013)).

. In pertinent part, the posting identified the relative and her partner by name and stated that "FUCK my [relative] for choosin to be a lesbian and fuck [the partner] cuz you’re an ugly ass bitch ... if you ever talk to me like you got a set of nuts between your legs again ... I'm gonna fuck you up and bury your bitch ass. U wanna act like a man. I'll tear the concrete up with your face and drag you back to your doorstep. U better watch how the fuck you talk to people. You were born a woman and you better stay one.”

. The State dropped the second count.

. After sentencing, appellant filed a motion to correct sentence. The trial court granted the motion and lowered the length of the community control portion of the sentence from five years to two years.

.Other jurisdictions have applied statutes similar to section 836.10 to electronic communications posted on a social networking website. See Holcomb v. Commonwealth, 58 Va.App. 339, 709 S.E.2d 711, 714-16 (2011) (affirming Holcomb's conviction for knowing *877 ly communicating a written threat in violation of section 18.2-60(A)(1), Va. Code, by posting the threat on his MySpace profile).