MARSTILLER, J.
In an information filed in April 2012, the State charged Barry Allen Krupkin with three counts of solicitation fraud, alleging that, in 2009, 2010, and 2011, Krupkin knowingly filed false or misleading information with the Department of Agriculture and Consumer Services (“Department”) when he “fail[ed] to disclose that he plead nolo contendré [sic] in a criminal case, in violation of Florida Statute 496.415.” (Bold type in original.) Krup-kin moved to dismiss the charges, asserting that he had relied on advice from his lawyer that he need not disclose his 2007 nolo contendere plea to organized fraud, and that, in any event, his charitable organization was exempt from having to register with the Department prior to soliciting contributions. The trial court denied the motion after holding an evidentiary hearing, and the matter proceeded to trial where, at the close of the evidence, Krup-kin moved for judgment of acquittal, arguing that the State had failed to rebut his prima facie good faith defense. The trial court denied this motion, as well, and the jury found Krupkin guilty as charged.
Krupkin appeals the convictions, arguing the trial court erroneously denied dismissal and judgment of acquittal. We review the court’s rulings de novo,[1] and for the following reasons, affirm Krupkin’s convictions.
First, some background. Charitable organizations intending to solicit contributions in this state must file an initial registration statement with the Department, and file annual renewal statements thereafter, if applicable. See § 496.405(l)(a), Fla. Stat. (2009).[2] If, however, such or *1269 ganizations solicit only from their members, they are exempt from the registration requirement. See § 496.406(2), Fla. Stat. (2009). The initial and renewal registration documents required under section 496.405 must include, inter alia, a statement of whether:
The charitable organization or sponsor or any of its officers, directors, trustees, or employees, regardless of adjudication, has been convicted of, or found guilty of, or pled guilty or nolo contendere to, or has been incarcerated within the last 10 years as a result of having previously been convicted of, or found guilty of, or pled guilty or nolo contendere to, any felony or any crime involving fraud, theft, larceny, embezzlement, fraudulent conversion, misappropriation of property, or any crime arising from the conduct of a solicitation for a charitable organization or sponsor within the last 10 years....
§ 496.405(2)(d)5., Fla. Stat. (2009) (emphasis added). “Knowingly fil[ing] false or misleading information in any document required to be filed with the department or in response to any request or investigation by the department ...” constitutes a criminal offense. § 496.415(2), Fla. Stat. (2009); see also § 496.417, Fla. Stat. (2009).
Krupkin is founder and director of United Veterans of America, a charitable organization. In 2009, 2010, and 2011, the Department sent Appellant a Renewal Registration Statement for Charitable Organizations and Sponsors, which asked, in pertinent part and in language virtually identical to that in section 496.405(2)(d)5.:
15. Has the charitable organization or sponsor or any of its officers, directors, trustees, or employees, regardless of adjudication, been convicted of, found guilty of, pled guilty or nolo contendere to, or been incarcerated within the last 10 years as a result of having previously been convicted of, or found guilty of, or pled guilty or nolo contendere to, any felony, or crime involving fraud, theft, larceny, embezzlement, fraudulent conversion, property, or any crime arising from conduct of a solicitation for a charitable organization or sponsor within the last 10 years?
Krupkin filed the forms, each time answering “No” to the question, notwithstanding his 2007 plea to organized fraud for which adjudication was withheld.
Krupkin, in moving to dismiss the charges against him, had the burden to show the undisputed facts either did not establish a prima facie case of guilt or did establish a valid defense. See State v. Carry, 75 So.3d 803, 804 (Fla. 5th DCA 2011). His motion claimed both. Having reviewed the evidence presented to the trial court, and resolving all inferences, as we must, against Krupkin, see Boler v. State, 678 So.2d 319, 323 (Fla.1996), State v. Booker, 529 So.2d 1239, 1239-40 (Fla. 1st DCA 1988), we conclude he failed to carry his burden.
Good faith reliance on the advice of counsel can be a defense to a specific intent crime. See generally Aversano v. State, 966 So.2d 493, 495 (Fla. 4th DCA 2007); Huff v. State, 646 So.2d 742, 743 (Fla. 2d DCA 1994) (same). Krupkin's testimony, at the motion hearing, that he relied on his lawyer’s advice in responding to the Department’s question did not establish ipso facto the reliance was in good faith. Krupkin said his lawyer told him “it [the prior criminal ease] was a withholding of adjudication ... and it [the statute] didn’t pertain to me. It had no value of it because I wasn’t guilty of anything so I could answer no.” But the lawyer’s advice *1270 was in glaring conflict with the unambiguous “regardless of adjudication” language on the renewal form and in the statute. Additionally, Krupkin testified to having graduated from law school, though he is not a licensed attorney. We find these circumstances raised a factual issue as to good faith, sufficient to defeat Krupkin’s motion to dismiss.
As to Krupkin’s claimed exemption from the registration requirements of section 496.405, even assuming this fact was undisputed,[3] section 496.415(2) makes it a crime to knowingly provide false information “in response to any request ... by the department!.]” The facts here show the State established a prima facie case of guilt on that basis. In 2009, 2010, and 2011, the Department sent Krupkin a Renewal Registration Statement for Charitable Organizations and Sponsors to complete and file. This constituted a “request” by the Department, to which he responded by filing the forms three years running. Because the undisputed facts showed Krupkin violated section 496.415, his motion to dismiss was correctly denied.[4]
Krupkin argues, alternatively, that he was entitled to acquittal because he presented, via his own testimony, a prima facie case of good faith reliance on advice of counsel, and the State failed to present any evidence to overcome his affirmative defense. Indeed, a trial court must accept a defendant’s “reasonable, unrebut-ted, and unimpeached testimony” and enter judgment of acquittal if the testimony is “entirely exonerating.” Dudley v. State, 511 So.2d 1052, 1057 (Fla. 3d DCA 1987). But “where the defendant’s exonerating testimony (a) is not reasonable on its face, or (b) is contradicted by other evidence in the case, or (c) is otherwise impeached, the trier of fact is privileged to reject such testimony!.]” Id. at 1058. And a defendant seeking judgment of acquittal admits not only the facts in evidence, but also every reasonable inference favorable to the State that can be drawn from the evidence. See Turner v. State, 29 So.3d 361, 364 (Fla. 4th DCA 2010); Rasley v. State, 878 So.2d 473, 476 (Fla. 1st DCA 2004). We conclude the evidence showing that Krupkin graduated from law school, and the fact that the lawyer’s advice did not square with the plain language of section 496.405, sufficed to rebut Krupkin’s exonerating testimony, if not render it unreasonable. The trial court, therefore, properly denied the motion for judgment of acquittal. See Turner, 29 So.3d at 364 (stating that courts should not resolve affirmative defense issue by judgment of acquittal where facts are disputed).
Accordingly, we AFFIRM Krupkin’s convictions.
LEWIS, C.J., and OSTERHAUS, J., concur.

. See O'Leary v. State, 109 So.3d 874, 876 (Fla. 1st DCA 2013) ("We review a trial court's denial of a motion to dismiss under a de novo standard of review.”); Lukaszewski v. State, 111 So.3d 212, 213 (Fla. 1st DCA 2013) ("A trial court's ruling on a motion for judgment of acquittal is reviewed de novo.”).

. The 2009, 2010, and 2011 versions of this provision and others in chapter 496, Florida *1269 Statutes, we cite herein are identical. Thus, we refer only to the 2009 statutes.

. The State conceded it had no evidence to show that United Veterans of America solicited contributions outside its existing membership.

. Krupkin raises a third argument for dismissal: The renewal form, and thus section 496.405(2)(d)5., only require disclosure of pri- or crimes "arising from conduct of a solicitátion.” Because the organized fraud to which he pled nolo contendere did not so arise, he responded truthfully to the question on the form. This argument was not presented below, and therefore, was not preserved for appeal. In any event, we find no merit to the argument, based on a plain reading of the unambiguous statutory language.