Michael David DUNN, Appellant,

v.

STATE of Florida, Appellee.

No. 1D14–4924.

District Court of Appeal of Florida,
First District.

Nov. 17, 2016.

Rehearing Denied Jan. 9, 2017.

803

Nancy A. Daniels, Public Defender, and Terry P. Roberts of the Law Office of Terry P. Roberts, Special Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Michael Dunn appeals his conviction for first-degree murder and three convictions for attempted second-degree murder. We affirm his convictions, and write only to address the denial of Dunn's motion for judgment of acquittal. on the ground that the State failed to present evidence rebutting his self-defense claim.

*Factual Background*

On the evening of November 23, 2012, Dunn and Rhonda Rouer, his then fiancée, stopped at a Gate convenience store on the way back to a hotel following a wedding reception. At the same time, Tommie Stornes stopped at the store driving a red Dodge Durango. With Stornes was Tevin Thompson in the passenger seat, Leland Brunson in the rear seat on the driver's side, and Jordan Davis in the rear seat on the passenger's side. As Dunn parked his vehicle, he heard loud music coming from the Durango, which was parked next to his driver's side. Dunn told Rouer, "I hate that thug music." When Rouer went inside the store, Dunn asked the passengers of the Durango if they could turn the music down. Thompson turned the music down, but turned it back up at Davis's direction.

As the interaction continued, Steven Smith exited the store and heard Dunn say, "[y]ou're not going to talk to me that way." Smith did not hear anyone in the Durango say anything back to Dunn.

Smith then saw a firearm in Dunn's vehicle, but did not see anyone in the Durango with a weapon. The passengers of the Durango testified that they did not hear or see Davis threaten Dunn in any way. Thompson and Stornes testified that they did not see or hear Davis attempt to get out of the Durango. Brunson testified that Davis tried to exit the Durango, but that the child locks prevented him from opening the door. Thompson heard Dunn ask Davis if he was talking to him, and then Thompson saw Dunn fire the gun at Davis's door. Dunn fired ten shots total, nine of them hitting the Durango, and three of those hitting the passenger side rear door. The last three shots were fired after Dunn got out of his vehicle and was standing in a shooting stance as the Durango drove away. Once Rouer was back in the vehicle, Dunn left the store and returned to his hotel room. Dunn later learned from television news at the hotel that Davis was fatally shot. The next morning, Dunn drove back to his home in Brevard County, where he was eventually arrested.

Using bullet trajectory evidence, the medical examiner, Dr. Simons, testified about Davis's position when Dunn fired his weapon. Simons testified that the wounds were not consistent with Davis leaning out of the car door, and were more consistent with Davis crouching in the seat to avoid the shots. Simons opined that Davis was not outside the car at the time of the shooting.

Dunn claimed self-defense, maintaining that Davis threatened to kill him. Dunn claimed that Davis reached for something, that he then saw four inches of a shotgun barrel, and that Davis opened the door of the Durango while continuing to threaten his life. At this point, Dunn retrieved his gun and fired, continuing to fire as the Durango drove away. Dunn then fled the scene in fear of retaliation from the occupants of the Durango.

### Denial of Judgment of Acquittal

Dunn argues that the State failed to present competent substantial evidence disproving the theory that he acted in self-defense. The State responds that it produced evidence that contradicted Dunn's claim of self-defense and presented sufficient evidence to send the case to the jury. We agree and affirm.

We review an order denying a motion for judgment of acquittal de novo. *Jones v. State*, 4 So.3d 687, 688 (Fla. 1st DCA 2009). If the State has presented competent evidence to establish every element of the crime, then judgment of acquittal is improper. *State v. Odom*, 862 So.2d 56, 59 (Fla. 2d DCA 2003). Thus, the appropriate inquiry on appeal is whether there is competent, substantial evidence to support each element of the crime and, thereby, support the trial court's denial of the motion. *Tibbs v. State*, 397 So.2d 1120, 1123 (Fla.1981). " 'There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.' " *Troy v. State*, 948 So.2d 635, 646 (Fla.2006) (quoting *Johnston v. State*, 863 So.2d 271, 283 (Fla. 2003)). A motion for judgment of acquittal admits not only the facts in evidence, but also every reasonable inference that can be draw in favor of the State from the evidence. *Krupkin v. State*, 119 So.3d 1267, 1270 (Fla. 1st DCA 2013). A motion for judgment of acquittal should be denied unless no reasonable interpretation of the evidence could support a jury's finding of guilt. *See Rasley v. State*, 878 So.2d 473, 476–77 (Fla. 1st DCA 2004).

### Self–Defense

The State has the burden of showing beyond a reasonable doubt that the defendant did not act in self-defense. *Chaffin v. State*, 121 So.3d 608 (Fla. 4th DCA 2013). Once a *prima facie* case of self-defense is established by defendant, "the state must overcome the defense by rebuttal, or by inference in its case-in-chief." *State v. Rivera*, 719 So.2d 335, 337 (Fla. 5th DCA 1998). In order to make a *prima facie* showing that he acted in self-defense, a defendant must demonstrate " 'a real necessity for taking a life and a situation causing a reasonably prudent person to believe that danger is imminent.' " *Rasley*, 878 So.2d at 476 (quoting *Hunter v. State*, 687 So.2d 277, 278 (Fla. 5th DCA 1997)). Where self-defense is raised at trial, the appellate court must defer to the jury's findings if the facts are disputed. *Dias v. State*, 812 So.2d 487, 491 (Fla. 4th DCA 2002).

Here, the disputed facts created a jury question as to Dunn's claim of self-defense. The nature of the verbal exchange between Dunn and Davis, whether Davis had a weapon, and whether Davis exited the Durango towards Dunn were all controverted. A gas station patron testified that he heard Dunn say, "You're not going to talk to me that way," but did not hear anyone in the Durango say anything back. The passengers of the Durango testified that Davis did not leave the Durango and testified that there were no weapons in the vehicle. Additionally, a witness testified that there was no weapon in the Durango, but that they could see Dunn's gun.

Considering the evidence and inferences in the light most favorable to the State, the State presented sufficient evidence inconsistent with Dunn's self-defense theory.* Thus, the trial court properly concluded that the State rebutted Dunn's *prima facie* case of self-defense, and we affirm the denial of Dunn's motion for judgment of acquittal.

LEWIS, BILBREY, and WINOKUR, JJ., concur.

---

\* Because the State presented direct evidence from which the jury could find that Dunn did not act in self-defense, the circumstantial-evidence rule of *State v. Law*, 559 So.2d 187, 188 (Fla.1989), does not apply here. *See Twilegar v. State*, 42 So.3d 177, 188 (Fla.2010) (explaining that when the evidence of guilt is wholly based on circumstantial evidence, the evidence must be inconsistent with the defendant's reasonable hypothesis of innocence). Nonetheless, even if the circumstantial-evidence rule applied, we would affirm the denial of Dunn's motion for judgment of acquittal. In a circumstantial-evidence case, "the State is not required to 'rebut conclusively, every possible variation of events' which could be inferred from the evidence, but must introduce competent evidence which is inconsistent with the defendant's theory of events." *Johnston v. State*, 863 So.2d 271, 283 (Fla. 2003) (quoting *Darling v. State*, 808 So.2d 145, 156 (Fla.2002)). The evidence noted above is at least inconsistent with Dunn's theory of events.