# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1027
Lower Tribunal No. 15-4346
_____


**Steven Gilchrease,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.


Before FERNANDEZ, SCALES, and LUCK, JJ.

LUCK, J.

Steven Gilchrease appeals his conviction and sentence for battery of his 67-year-old landlady on February 28, 2015, alleging error in the admission at trial of evidence relating to a prior confrontation which occurred three days before the charged incident. We affirm.

Gilchrease had rented an efficiency from Etta McKensie for about six months prior to the February 28 incident. Sometime in January, water to the efficiency was turned off. On February 25, the electricity was turned off. Gilchrease confronted Ms. McKensie about the utilities, and, according to Ms. McKensie, Gilchrease threatened her and pulled out the chair she was sitting on. Subsequently, on February 28, Gilchrease again confronted Ms. McKensie, and pushed her, causing her to stumble backward. Gilchrease was arrested for the latter incident and charged with battery of a person sixty-five years or older.

Prior to trial, defense counsel moved in limine to exclude evidence of the February 25 confrontation as irrelevant and prejudicial. The State argued the evidence was admissible to prove Gilchrease's motive and an absence of mistake. The trial court ruled the evidence was admissible to prove "motive and any mistake and any other attempt to bring in the testimony for any other reasons," and Ms. McKensie testified as to the incident at trial. The jury returned a verdict of guilty, and the trial court sentenced Gilchrease to 180 days in the county jail and two years of probation.

On appeal, Gilchrease contends admission of the objected to evidence was error because it constituted prejudicial evidence of an uncharged crime, the admission of which destroyed his right to a fair trial. We disagree.

The State may introduce evidence of an uncharged crime where that evidence is relevant to an issue in dispute and is not being used solely to show the defendant's propensity to commit a crime. § 90.404(2)(a), Fla. Stat. (2015). Here, evidence of the February 25 incident was relevant to Gilchrease's motive and intent in confronting and pushing Ms. McKensie.

As to motive, the testimony about the February 28 incident, the one that was charged, was that Gilchrease confronted Ms. McKenzie in her home, pushed her in the chest and forehead, and said, "You don't know what I'll do to you."[1] Gilchrease's words and actions on February 28, however, did not explain his motive for confronting and pushing Ms. McKenzie, in other words, why he did what he did. The February 25 incident, which happened three days earlier, after the electricity and water had been shut off, filled in the gap to explain Gilchrease's motive for the February 28 battery.

On February 25, after the lights went off, Gilchrease confronted Ms. McKenzie and said, "The light off, I'm not moving, and I'm not giving you any

---

[1] A second witness, Ms. McKenzie's friend, testified that Gilchrease pushed Ms. McKenzie in the forehead and said, "Do you know who you're fooling with? I will put you down."

3

money. . . . [Y]ou don't know me. You don't know me." Gilchrease then pulled Ms. McKenzie's chair out from under her. The February 25 incident explained that Gilchrease's motive for pushing Ms. McKenzie, and saying what he said, was that he was upset about the water and electricity being turned off, and blamed Ms. McKenzie for it. The February 25 incident, therefore, was relevant and admissible as motive evidence under section 90.404(2)(a). See Jackson v. State, 522 So. 2d 802, 806 (Fla. 1988) ("The testimony of a prior assault on the victim McKay by Jackson during an argument over drugs was not so remote in time as to be irrelevant and supported the state's theory that Jackson's motive for killing Milton and McKay was his belief that they were stealing his drugs and taking advantage of him."); Craig v. State, 510 So. 2d 857, 863 (Fla. 1987) ("We find that the evidence of appellant's thefts of cattle on several occasions was relevant to show his motive for killing Eubanks and Farmer. The cattle thefts were not wholly independent of the murders but rather were an integral part of the entire factual context in which the charged crimes took place. While evidence of motive is not necessary to a conviction, when it is available and would help the jury to understand the other evidence presented, it should not be kept from them merely because it reveals the commission of crimes not charged. The test for admissibility is not the necessity of evidence, but rather its relevancy." (citations omitted)).

The February 25 incident also was relevant to prove Gilchrease had the intent to commit battery on Ms. McKenzie. The battery statute requires the state to prove that the defendant "intentionally touch[ed] or str[uck] another person against the will of the other." § 784.03(1)(a)1., Fla. Stat. (2015). The February 25 incident, which involved Gilchrease confronting, and pulling the chair out from under, Ms. McKenzie was relevant to show that his push was willful and purposeful because of his continued anger about the utilities being turned off. See Charles W. Ehrhardt, Florida Evidence § 404.14, at 255-56 (2006 ed.) ("Although motive itself is usually not an ultimate issue, it supplies the basis from which the jury may infer that the defendant intended to do the act."); see also Beard v. State, 842 So. 2d 174, 176 (Fla. 2d DCA 2003) ("Intent is a necessary element of battery, and must be determined by the surrounding circumstances."). The prior incident showed Gilchrease's state of mind when he went to Ms. McKenzie's home on February 28.

The trial court correctly determined that evidence of the first incident was relevant to prove an issue in dispute in Gilchrease's battery trial. There being no error, we affirm the conviction and sentence entered below.

Affirmed.