508 So.2d 321 (1987)
James Franklin ROSE, Petitioner,
v.
Richard L. DUGGER, Superintendent, Florida State Prison; and Louie L. Wainwright, Secretary, Florida Department of Corrections, Respondents.
No. 69210.
Supreme Court of Florida.
May 7, 1987.
Rehearing Denied July 10, 1987.
*322 Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Craig S. Barnard, Chief Asst. Public Defender and Louis G. Carres, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Richard G. Bartmon, Diane Leeds and Carolyn V. McCann, Asst. Attys. Gen., West Palm Beach, for respondents.
SHAW, Justice.
James Franklin Rose filed a petition for a writ of habeas corpus and a motion to stay his execution. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We granted the stay of execution to consider the issues raised in the petition. We now deny the petition for a writ of habeas corpus and vacate the stay.
Rose was charged with kidnapping and murder. His first trial resulted in a mistrial because the jury could not reach a verdict. Rose was subsequently retried and convicted of kidnapping and first-degree murder. He was sentenced to life for the kidnapping and to death for the murder. This Court affirmed his convictions, but vacated the death sentence and remanded for resentencing. Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983). Upon remand, Rose was again sentenced to death and the imposition of the death penalty was affirmed by this Court. Rose v. State, 461 So.2d 84 (Fla. 1984), cert. denied, 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985).
Rose raises four issues in his petition for a writ of habeas corpus. He first argues that he has been denied the opportunity for full appellate review because of his indigency in violation of the due process and equal protection clauses of the federal constitution. He contends that if his motions for judgment of acquittal at the close of the state's case and at the close of all the evidence were improperly denied in the first trial, then his later trial and convictions would be barred by the double jeopardy clauses of the fifth amendment of the United States Constitution and article I, section 9 of our state constitution. This contention, as it relates to the United States Constitution, has been considered and rejected in Richardson v. United States, 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984):
[W]e reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial. (Emphasis supplied.)
See United States v. Brack, 747 F.2d 1142, 1148 (7th Cir.1984) (regardless of the sufficiency of the evidence presented at the first trial, when first trial ended in mistrial due to a hung jury, no valid double jeopardy claim to prevent retrial), cert. denied, 469 U.S. 1216, 105 S.Ct. 1193, 84 L.Ed.2d 339 (1985); Berry v. State, 458 So.2d 1155, 1156 (Fla. 1st DCA 1984) (double jeopardy applies only if there has been some event, such as an acquittal, that terminates the original jeopardy; the failure of a jury to reach a verdict and a trial court's declaration of a mistrial due to a hung jury are not events terminating original jeopardy). See also Tibbs v. Florida, 457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652, (1982) ("[a] deadlocked jury ... does not result in an acquittal barring retrial under the Double Jeopardy Clause").
We recognize that this Court has the power and authority to construe our Florida Constitution in a manner which may differ from the manner in which the United States Supreme Court has construed a similar provision in the federal constitution. See Pruneyard Shopping *323 Center v. Robins, 447 U.S. 74, 81, 100 S.Ct. 2035, 2040, 64 L.Ed.2d 741 (1980). See also State v. Kinchen, 490 So.2d 21, 23 (Fla. 1985) (Ehrlich, J., concurring in part and dissenting in part). We are persuaded, however, that the view expressed in Richardson is logically correct and we see no intent on the part of the people of Florida that our double jeopardy provision should be construed differently. Therefore, we hold that article I, section 9 of the Florida Constitution does not prohibit a defendant's retrial when a prior trial has been concluded by mistrial because of a hung jury. Accordingly, we find Rose's contention that he was denied the opportunity for full appellate review because he could not afford a transcription of his first trial (which he concedes resulted in a mistrial due to a hung jury) without merit.[1]
Rose's second claim, that the death penalty in Florida is imposed in an arbitrary and discriminatory manner on the basis of race and other arbitrary factors, is procedurally barred. Collateral attacks on trial court judgments or sentences may only be brought by motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850:
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Fla.R.Crim.P. 3.850. See also Davis v. Wainwright, 498 So.2d 857 (Fla. 1986); Stewart v. Wainwright, 494 So.2d 489 (Fla. 1986).
Rose's next claim is that he was denied effective assistance of counsel on appeal. We must examine this allegation of ineffectiveness under the standard set out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Rose contends that appellate counsel was ineffective in not appealing: 1) the separation of the jurors during deliberation for an overnight recess; 2) the fact that the jury on resentencing was informed of Rose's overturned death sentence; and 3) the fact that during jury selection on resentencing two prospective jurors were questioned outside Rose's presence. We disagree.
Appellate counsel's performance was not deficient in failing to raise the jury separation issue on appeal because the issue was not preserved for appellate review at the trial level. The record reflects that the jury was admonished and recessed "with the consent of State and defense." Thus, this case is easily distinguishable from Johnson v. Wainwright, 498 So.2d 938 (Fla. 1986), where trial counsel objected to the overnight jury separation, requested sequestration, and renewed his objection and moved for a mistrial the following morning. The instant facts are much more similar to those in Brookings v. State, 495 So.2d 135 (Fla. 1986), and Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984). In those cases, defense counsel had agreed to the jury separation and the requisite admonishments to the juries were made. In view of the fact that the jury separation issue was procedurally barred, we find no deficient performance on the part of Rose's appellate counsel in failing *324 to raise this issue. See Jackson v. State, 452 So.2d 533, 536 (Fla. 1984).
We similarly reject Rose's argument that his appellate counsel after resentencing was ineffective in not raising the fact that the resentencing jury was told that this Court had reversed Rose's original sentence due to the Allen[2] charge given to the jury during the penalty phase of Rose's trial. We note that the resentencing jury was not told what sentence the prior jury had recommended. When prospective jurors asked about the prior sentence, the trial judge told them:
This case was seven years ago when this capital punishment law was just in the first stages and the Supreme Court said I made a mistake on my instructions to them and if the Supreme Court says I made a mistake, I must have made a mistake. Sometimes I don't necessarily agree with them, but I do whatever they say. So, they upheld the conviction and sent it back because of my error and so that's what it's about.
At defense counsel's request, the trial court explained further:
Hang on a minute. Let me tell you the fact the jury made a recommendation one way or the other and the Supreme Court said I made a mistake, there is no presumption for you to vote one way or the other. You all will just listen to the testimony and the law as I give it to you, okay.
When a prospective juror asked what the original jury's recommendation was, the trial judge said, "No, we're not going to tell you that."
The trial court never specifically told the jurors what the original jury recommendation or sentence was. Moreover, the resentencing jury was clearly instructed that regardless of what might have occurred at the first sentencing hearing, there should be no presumption to vote one way or another. Thus, there was no factual basis in the record for appealing Rose's sentence on the basis of the resentencing jury's knowledge of Rose's prior sentence. Although we conclude that Rose has not met his burden of showing that failure to raise this issue fell outside the wide range of reasonable professional assistance, we also address the second prong of the Strickland test. In order to prove ineffective assistance of counsel, Rose must also show that there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance. In sentencing Rose to death, the trial judge found no mitigating circumstances and three aggravating circumstances:
1) Rose was under sentence of imprisonment when he committed the murder; 2) Rose had been previously convicted of a violent felony; and 3) the murder was committed during the commission of a kidnapping. If the jury had recommended life, the judge would have been obligated to determine whether "the facts suggesting a sentence of death [are] so clear and convincing that virtually no reasonable person could differ." Tedder v. State, 322 So.2d 908, 910 (Fla. 1975). Even applying this strict standard, we are satisfied that a death penalty would have been imposed and there is no reasonable probability that the result would have been different. We do not agree with Rose that the judge's comments violated the eighth amendment under Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). The trial judge did not imply that the jury's role in sentencing would be minimal or that the jury should not regard itself as bearing any responsibility for capital sentencing. Appellate counsel was not ineffective in failing to raise these meritless arguments.
Rose's third allegation of ineffectiveness is also without merit. He claims appellate counsel was ineffective for failing to argue on appeal that his (Rose's) absence during the questioning of two prospective jurors on voir dire constituted fundamental error. First, unlike in Francis v. State, 413 So.2d 1175 (Fla. 1982), the record in this case does not support Rose's allegations that he was not present during the questioning of the prospective jurors. *325 Moreover, the two jurors whom Rose claims were questioned outside of his presence were subsequently excused for cause. Thus, we cannot find appellate counsel ineffective for not raising an alleged error which lacked support in the record. In any event it is clear from the record that there is no reasonable probability that the result would have been different.
In his last claim, Rose alleges that the trial judge communicated with the jury during its deliberations without Rose or trial counsel being present in violation of Florida Rule of Criminal Procedure 3.410 and our decision in Ivory v. State, 351 So.2d 26 (Fla. 1977). Rose further alleges that because these communications were not reported in the trial record, appellate counsel was not aware of the error and this Court's review of the trial and conviction were flawed. Rose urges that we grant the petition for writ of habeas corpus and relinquish jurisdiction to the trial court for an evidentiary hearing to determine whether the alleged communications occurred in violation of Ivory.
In support of this claim, Rose submits contemporaneous newspaper accounts of his trial in 1977 which he has recently obtained from the medical examiner's file. These press clippings report that, after it began its deliberations, the jury asked for certain evidentiary items, which it received from the judge, and for a reading of the four-day trial transcript, which the judge denied by saying the jurors would have to rely on their memories. The clippings also report that immediately after denying the latter request, the judge recessed the deliberations at 9:30 p.m. Rose does not argue that the rulings themselves were erroneous. Instead, he argues that the absence from the trial record of these reported communications indicates that the trial judge communicated with the jury outside the presence of the defendant and counsel and, thus, committed per se reversible error under our Ivory decision. Essentially, Rose is collaterally attacking a trial court judgment by means of a habeas petition contrary to rule 3.850. We nevertheless address the issue because, arguably, ex parte communications might render appellate counsel ineffective and our review on direct appeal inadequate. Rose urges that we remand to the trial court for an evidentiary hearing on whether the trial judge improperly communicated with the jury. For the reasons which follow, we find no merit in this argument.
The newspaper accounts on which Rose relies report only that the communications occurred between the judge and jury, they are silent on the critical point of whether Rose and counsel were present. The linchpin of Rose's claim is the claimed inconsistency between the record and the newspaper accounts because of the absence from the trial record of the reported communications. Rose has either not closely read the record or has not accurately presented its contents to this Court. Contrary to Rose's claim, our review reveals no inconsistency between the record and newspaper accounts. On the day following the jury deliberations and communications reported in the press, the record shows that the trial judge commenced the day's proceedings with the following announcement:
THE COURT: At 9:20 last night, I admonished the jury and recessed for the night until 9:30 A.M. this morning. That was with the consent of the State and the defense that we do that without a record last night. That's all.
(Whereupon the jury entered the courtroom at 9:35 A.M., and the following proceedings resumed within their presence:) (Emphasis supplied.)
The record itself provides a logical explanation for the absence of the reported communications from the record: the judge, with the consent of the parties, decided to forego the presence of the court reporter during a portion of the jury deliberations and to make a summary announcement for the record at the beginning of the next trial day. In the absence of any factual basis for Rose's claim that there were improper communications between the judge and jury, we reject Rose's arguments on this point.
*326 For the reasons above, we deny the petition for writ of habeas corpus and vacate the stay of execution.
It is so ordered.
McDONALD, C.J., and OVERTON and EHRLICH, JJ., and ADKINS, J. (Ret.), concur.
BARKETT, J., concurs in part and dissents in part with an opinion.
BARKETT, Justice, concurring in part, dissenting in part.
I concur with the majority except as to the defendant's claim that "off-the-record" communications between the judge and jury violated Florida Rule of Criminal Procedure 3.410 and our decision in Ivory v. State, 351 So.2d 26 (Fla. 1977).
Considering the finality of the sentence, I would grant Rose's petition for habeas corpus to the extent of relinquishing jurisdiction to the trial court for an evidentiary hearing to determine whether the alleged communications occurred in violation of the requirements of Ivory v. State.
NOTES
[1] We note that Rose has not argued at any time that the mistrial was improperly granted or that the jury was not genuinely deadlocked.
[2] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).