985 So.2d 1215 (2008)
Aahtrell JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-6172.
District Court of Appeal of Florida, First District.
July 11, 2008.
Aahtrell Johnson, pro se, Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant has filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 in which he raises four claims. The first three, alleging prosecutorial misconduct, insufficiency of the evidence to prove escape, and trial court error, are not cognizable in a collateral postconviction motion. See Smith v. State, 445 So.2d 323, 325 (Fla.1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."). However, claim four  that the Prison Releasee Reoffender enhancement of his sentences imposed for battery on a law-enforcement officer and escape is illegal  has merit. See State v. Hearns, 961 So.2d 211, 216 (Fla.2007) ("We reiterate that the only relevant consideration [when determining whether an offense constitutes a `forcible felony'] is the statutory elements of the offense. If `the use or *1216 threat of physical force or violence against any individual' is not a necessary element of the crime, `then the crime is not a forcible felony within the meaning of the final clause of section 776.08 [Florida Statutes].'"); Tumblin v. State, 965 So.2d 354 (Fla. 4th DCA 2007). Neither offense contains as a necessary element "the use or threat of physical force or violence against any individual" and thus the appellant does not qualify to have his sentences enhanced via the Prison Releasee Reoffender statute. We remand for a full sentencing hearing because once the trial court determined that the appellant qualified to be sentenced as a Prison Releasee Reoffender, it was without discretion as to the length of sentence imposed. However, the record indicates that the court found that the appellant qualified to be sentenced as a Habitual Felony Offender or Habitual Violent Felony Offender. During resentencing, the court may impose any sentence and sentence enhancement which may legally be applied.
REVERSED AND REMANDED.
WOLF, LEWIS, and ROBERTS, JJ., concur.