LAWSON, J.
 

 Charlie Hamilton appeals from an order summarily denying his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
 

 Hamilton was one of three co-defendants indicted on charges of first-degree felony murder, robbery with a firearm and dealing in stolen property. Following a jury trial, he was acquitted on the first two charges and convicted on the dealing in stolen property charge. The trial court sentenced Hamilton to fifteen years in prison, and the conviction and sentence were affirmed on appeal.
 
 Hamilton v. State,
 
 947 So.2d 1185 (Fla. 5th DCA 2007). Although Hamilton’s direct appeal was decided without a written opinion, our records show that the only issue on appeal was whether the evidence introduced at trial was sufficient to support Hamilton’s conviction on a principals theory.
 

 As the sole ground for relief alleged in his 3.850 motion, Hamilton alleges that there was insufficient evidence to support giving a principals instruction at trial, and that his trial counsel was therefore ineffective for failing to object to the instruction. We agree with the trial court that although the issue in Hamilton’s 3.850 motion is technically different than the issue decided by Hamilton’s direct appeal, the prior appeal also necessarily resolved Hamilton’s postconviction claim. In other words, if there was sufficient evidence to support a conviction using a principals theory, that same evidence would have been sufficient to justify giving the principals instruction in the first instance.
 
 See Johnson v. State,
 
 985 So.2d 1215 (Fla. 1st DCA 2008) (holding that insufficiency of evidence not cognizable in postconviction claim);
 
 Jackson v. State,
 
 640 So.2d 1173 (Fla. 2d DCA 1994) (same).
 

 AFFIRMED.
 

 GRIFFIN and MONACO, JJ., concur.