VILLANTI, Judge.
Angel B. Avila seeks review of his convictions and sentences for one count of sexual battery with a deadly weapon and one count of false imprisonment, raising two issues for review. We affirm on both issues raised; however, we write to address Avila’s claim that double jeopardy precluded his conviction for the sexual battery offense.
Avila was charged with sexual battery with a deadly weapon (count 1), aggravated battery with a deadly weapon (count 2), and false imprisonment (count 3) based on events that occurred on June 2, 2009. Avila went to trial in April 2010. At the conclusion of the trial, the jury sent a note to the court saying that it could not reach a unanimous verdict on all of the charges. The note read:
Count One
Initial vote on number one was 5-1. After considerable discussion, we all (6) agree to a lesser charge.
Count 2
All unanimous as to charge.
Count 3
Could not reach unanimous decision.
Final vote, 5-1—
Because of this, one juror has changed their decision on Count one.
After discussion with counsel about the contents of the note, the court returned the jury to the courtroom, read it the *513 Allen[1] charge, and asked the jury to return to its deliberations and see whether it could reach a unanimous verdict on all three charges.
Later, the jury reported to the court that it had reached a “partial” verdict. The court returned the jury to the courtroom, and the foreperson advised the court that “we’re not in agreement on Counts 1 and 3.” However, the jury was able to reach a unanimous verdict as to count 2. After further discussion with the court, the foreperson formally announced on the record that “[w]e are unable to reach a unanimous verdict on Counts 1 and Count 3.” The clerk then published the jury’s unanimous verdict of not guilty as to count 2, the jury was polled as to that count only, and all of the jurors agreed that this was their verdict as to count 2. The verdict form contained a written verdict only as to count 2.
Based on these events, the trial court declared a mistrial as to counts 1 and 3 and set a new trial date for those two counts. Avila was retried on counts 1 and 3 in October 2010, and that jury found him guilty as charged on both counts. The trial court sentenced him to twenty-five years in prison followed by life probation on count 1, and to a concurrent prison term of five years on count 3. Avila now seeks review of both convictions and sentences.
Avila’s primary contention in this appeal is that his conviction for sexual battery with a deadly weapon was obtained in violation of double jeopardy.[2] He recognizes that the Florida Supreme Court has specifically rejected the proposition that a mistrial as a result of a deadlocked jury precludes retrial:
“[W]e reaffirm the proposition that a trial court’s declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree.”
Rose v. Dugger, 508 So.2d 321, 322 (Fla.1987) (quoting Richardson v. United States, 468 U.S. 317, 326, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984)); see also Lebron v. State, 799 So.2d 997, 1011 (Fla.2001) (holding that “if the trial court ... properly declared a mistrial based upon sufficient record evidence of a hung jury, then double jeopardy does not attach”). Nevertheless, he argues that the jury’s note reflecting its initial unanimous agreement to a lesser charge in a preliminary vote on the sexual battery charge should be binding even though one of the jurors changed his or her mind after that preliminary vote and before the jury returned to the courtroom. We cannot agree with this argument because this preliminary vote did not constitute a “verdict.”
“For a verdict to become valid, ... it must be announced in the courtroom in the presence of the jurors and the accused.” Griffin v. State, 414 So.2d 1025, 1028 (Fla.1982). “No verdict may be rendered unless all of the trial jurors concur in it.” Fla. R.Crim. P. 3.440. And a juror is at liberty to change his or her vote any *514 time before the verdict is actually rendered. See, e.g., Chung v. State, 641 So.2d 942, 946 (Fla. 5th DCA 1994) (holding that when a juror, “before being discharged and while still in the jury box with the jury assembled, expresses that the verdict announced is not his or her verdict, a verdict has not been reached”). Thus, notwithstanding any tentative or preliminary votes that may occur in the jury room, until such time as a specific verdict is announced in the courtroom in the presence of the jurors and the defendant and until the jurors have had an opportunity to affirm or denounce the verdict as both their individual verdict and the verdict of the jury as a whole, an actual verdict has not been rendered so as to trigger the application of double jeopardy.
On the issue of whether a preliminary agreement constitutes a “verdict,” this case is quite similar to this court’s decision in Larrabee v. State, 243 So.2d 432 (Fla. 2d DCA 1971). In that case, the defendant was charged with rape after he knocked the victim down with his van, dragged her into the back of the van, and engaged in a “forcible sexual act” that resulted in “injuries far more serious than permissible sexual foreplay could account for, even among cavemen.” Id. at 433. The jurors could not agree on any form of verdict, but they all agreed that Larrabee “was guilty of assault and battery ‘with intent to commit sexual intercourse.’ ” Id. at 434. Larra-bee argued that the words after “assault and battery” were surplusage and that a verdict should have been entered for assault and battery; however, the trial court did not enter a verdict. Id. Instead, it declared a mistrial and held a new trial on the charge of rape. Id. Larrabee was convicted as charged at the retrial.
On appeal, Larrabee argued that his conviction violated double jeopardy because of the previous jurors’ agreement to a lesser charge after the first trial. Id. However, this court disagreed, noting that no verdict had been rendered in the first trial despite the jury’s agreement on certain aspects of the charge and therefore that Larrabee was not “twice put in jeopardy” on the rape charge. Id.
Here, as in Larrabee, the jurors apparently reached some type of preliminary agreement to convict Avila of a lesser charge than sexual battery with a deadly weapon. However, there is nothing in the record to show what that lesser charge was, and the record is clear that one juror changed his or her vote prior to the jury sending even the initial note to the court. Therefore, no “verdict” was ever rendered on the sexual battery charge, and, under Florida law, double jeopardy did not preclude the trial court from retrying Avila on the charged offense of sexual battery with a deadly weapon.
Recently, however, the United States Supreme Court accepted certiorari to review a split among the states concerning whether “partial” verdicts were subject to double jeopardy analysis.[3] See Blueford *515 v. State, 2011 Ark. 8, cert. granted, — U.S. -, 132 S.Ct. 397, 181 L.Ed.2d 255 (2011). In that ease, Blueford was charged with capital murder. Id. at 1. At the close of the evidence, the jury was instructed on capital murder, first-degree murder, manslaughter, and negligent homicide. Id. at 1-2. The jury subsequently sent out a note indicating that it was deadlocked. Id. at 2. The court returned the jury to the courtroom and specifically questioned it on the pending charges. The jury responded that it was unanimous against capital murder, unanimous against first-degree murder, but deadlocked on the manslaughter charge. Id. at 3. After further discussion, the court declared a mistrial and rescheduled the trial. Id. at 4.
Prior to the second trial, Blueford filed a motion arguing that double jeopardy precluded retrial on the charges of capital murder and first-degree murder based on the jury’s statements in the courtroom and contending that those statements amounted to an acquittal on those two charges. The trial court denied this motion, and Blueford appealed. The Arkansas Supreme Court affirmed, noting that “a trial ending in a hung jury is not the equivalent of an acquittal for purposes of establishing former jeopardy.” Id. at 7.
However, the Arkansas Supreme Court recognized a split of authority on the issue of whether “partial” verdicts of acquittal preclude further prosecution on the “acquitted” charges. The court explained:
Jurisdictions are split on the issue of partial verdicts. But, the majority of jurisdictions have held that if a single charge includes multiple degrees of offenses, the trial court may not conduct a partial-verdict inquiry as to the offenses included within the charge. See, e.g., [People v.]Richardson, 184 P.3d 755 [(Colo.2008)]; People v. Hall, 25 Ill.App.3d 992, 324 N.E.2d 50 (Ill.App.5th.Dist. 1975); State v. Bell, 322 N.W.2d 93 (Iowa 1982); State v. McKay, 217 Kan. 11, 535 P.2d 945 (Kan.1975); Commonwealth v. Roth, 437 Mass. 777, 776 N.E.2d 437 (Mass.2002); State v. Booker, 306 N.C. 302, 293 S.E.2d 78 (N.C.1982); People v. Hickey, 103 Mich.App. 350, 303 N.W.2d 19 (Mich.Ct.App.1981).
The minority, on the other hand, has held that double jeopardy requires a partial verdict of acquittal as to the greater offenses if the jury is deadlocked only as to the lesser offenses. See, e.g., Stone v. Superior Court, 31 Cal.3d 503, 183 Cal.Rptr. 647, 646 P.2d 809 (Cal.1982); State v. Tate, 256 Conn. 262, 773 A.2d 308 (Conn.2001); State v. Pugliese, 120 N.H. 728, 422 A.2d 1319 (N.H.1980); Whiteaker v. State, 808 P.2d 270 (Alaska Ct.App.1991). The minority of jurisdictions that accept partial verdicts seem to focus on the fact that there can be no “manifest necessity” warranting the declaration of a mistrial where the circuit court makes no inquiry into the jury’s deliberations as to the greater offenses. People v. Anderson, 47 Cal.4th 92, 97 Cal.Rptr.3d 77, 211 P.3d 584 (Cal.2009).
Blueford, 2011 Ark. at 10-11. The Arkansas court noted that it had previously rejected the theory of “partial” verdicts, see Walker v. State, 308 Ark. 498, 825 S.W.2d 822 (1992), and it found no compelling reason to recede from that decision. Blue *516 ford, 2011 Ark. at 11. Therefore, the court found that the trial court properly denied Blueford’s motion to dismiss on double jeopardy grounds. The United States Supreme Court subsequently accepted review.
We can find no Florida case addressing the precise issue discussed in Blueford, nor have the parties directed us to any. We are mindful that the Supreme Court has stated that because “a jury speaks only through its verdict, its failure to reach a verdict cannot — by negative implication — yield a piece of information that helps put together the trial puzzle.” Yeager v. United States, 557 U.S. 110, 129 S.Ct. 2360, 2367, 174 L.Ed.2d 78 (2009). This statement cuts against the theory that a jury deadlocked on a lesser charge has “acquitted” a defendant of the greater charge. Further, this court’s decision in Larrabee seems to hold that a deadlocked jury returns no verdict, regardless of any tentative agreement the jury may have had on any available lesser offenses. In light of these authorities, we believe that Florida would align itself with the majority of jurisdictions which hold that a jury deadlocked on a lesser charge does not return an “acquittal” on the charged offense, and thus double jeopardy does not preclude reprosecution of the charged offense.
Accordingly, we hold that double jeopardy did not prevent the State in this case from retrying Avila on the charged offense of sexual battery with a deadly weapon after the jury deadlocked on some unidentified lesser-included offense during its deliberations at Avila’s first trial. In our view, the deadlocked jury did not decide to “acquit” Avila of sexual battery with a deadly weapon; instead, it did not reach a unanimous decision as to the disposition of that charge. Therefore, we affirm Avila’s convictions and sentences.
Affirmed.
NORTHCUTT and BLACK, JJ., Concur.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). See also State v. Bryan, 290 So.2d 482, 484 (Fla.1974); Fla. Std. Jury Instr. (Crim.) 4.1.

. While Avila did not raise this argument below, a violation of double jeopardy constitutes fundamental error that may be raised for the first time on appeal. See, e.g., Gisi v. State, 848 So.2d 1278, 1281 (Fla. 2d DCA 2003); Johnson v. State, 747 So.2d 1027, 1028 (Fla. 2d DCA 1999).

. We note that "it is not appropriate for this court, as a matter of state constitutional law, to depart from a recent United States Supreme Court ruling under a virtually identical federal constitutional clause unless we are convinced that aspects of Florida’s constitution, law, or announced public policies clearly justify such a departure.” State, Dep't of Health & Rehabilitative Servs. v. Cox, 627 So.2d 1210, 1217 (Fla. 2d DCA 1993). We also note that decisions from the United States Supreme Court concerning the double jeopardy clause are not necessarily binding on Florida courts. See, e.g., Lebron, 799 So.2d at 1011 (noting in a case concerning double jeopardy that the Florida Supreme Court "has the power and authority to construe our Florida Constitution in a manner which may differ from the manner in which the United States Supreme Court has con *515 strued a similar provision in the federal constitution” (quoting Rose, 508 So.2d at 322)). Therefore, while the Supreme Court's ultimate decision in Blueford will be highly persuasive authority on the issue of partial verdicts, it will not necessarily be binding on Florida courts.