IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

       Appellant,

v.

KHALID MUHAMMAD,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4147

Opinion filed October 13, 2014.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

SWANSON, J.

      The State of Florida appeals[1] the trial court's order dismissing Count I of an amended information charging appellee, Khalid Muhammad, with sexual battery

---

[1] The state may appeal an order dismissing an indictment or information, or any count thereof, under Florida Rule of Criminal Procedure 9.140(c)(1)(A).

following a trial, at the conclusion of which, the jury announced it could not reach a verdict on either Count I or Count II (the latter count charging appellee with kidnapping to facilitate a felony). The jury, instead, rendered a verdict only on Count III, finding appellee guilty of lewd or lascivious battery, as charged.[2] For the following reasons, we reverse the order of dismissal.

In Count I of the amended information, appellee was charged with having committed sexual battery "by penetrating [the victim's] vagina with his penis or any other object, without the victim's consent" on February 1, 2012, contrary to sections 794.023 and 794.011(5), Florida Statutes (2011). In Count III of the same amended information, appellee was also charged with having committed lewd or lascivious battery on February 1, 2012, by "unlawfully engage[ing] in sexual activity with [the victim] . . . by penetrating her vagina with his penis or any other object," contrary to section 800.04(4)(a), Florida Statutes (2011). The victim was twelve years of age or older, but less than sixteen years of age at the time of the alleged offenses. Following submission of the jury's verdict, the trial court adjudicated appellee guilty of lewd or lascivious battery and sentenced him on June 20, 2013, to eight years' incarceration to be followed by seven years of probation. The state scheduled a re-trial on Counts I and II for July 22, 2013. In the interim, appellee filed a proper motion to dismiss Count I under Florida Rule of

---

[2] We have per curiam affirmed appellee's conviction for this offense in case number 1D13-3114, which appeal was consolidated with the instant case for purposes of the record.

Criminal Procedure 3.190(b),[3] asserting that under the Fifth Amendment to the United States Constitution and article 1, section 9, of the Florida Constitution, the state was prohibited on double jeopardy grounds from subjecting him "to multiple prosecutions, convictions, and punishments for the same criminal offense." Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). See also Brown v. Ohio, 432 U.S. 161, 165 (observing the double jeopardy guarantee restrains both courts and prosecutors). Jeopardy attaches when the jury is empaneled and sworn. Turner v. State, 37 So. 3d 132 (Fla. 2010).

In ruling on the motion, the trial court acknowledged it was "clear that Courts have found sexual battery and lewd a lascivious [battery] cannot stand when based on the same act." It went on to "confess some fault" that the "issue" had not occurred to it when it proceeded to sentence appellee under Count III, and that it was indeed a conviction "for double jeopardy purposes." The court then candidly admitted had the count been left "open" and appellee been retried and convicted on Count I, "it would have been the State's option to choose between the two offenses." That not being the case, however, the trial court announced it could not "undo" what had already been done. Consequently, it granted appellee's motion to dismiss.

_____

[3]  Florida Rule of Criminal Procedure 3.190(b) provides in relevant part: "**Motions to Dismiss; Grounds.** All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of . . . former jeopardy. . . ."

Due to the procedural posture of the present case, we need not address, as did the trial court, the issue of whether *convictions* for sexual battery and lewd and lascivious battery can stand when based on the same act. Cf. Smith v. State, 41 So. 3d 1041, 1043 (Fla. 1st DCA 2010) (holding the testimony at trial showed proof of touching to support the lewd or lascivious charge was the same touching which occurred in the act of sexual battery by digital penetration and, therefore, "the trial court fundamentally erred by entering judgment against Mr. Smith for both sexual battery and lewd or lascivious molestation"). The United States Supreme Court has consistently adhered to the rule that a retrial following a hung jury does not violate the Double Jeopardy Clause. Richardson v. United States, 468 U.S. 317, 324 (1984). Accord Sattazahn v. Pennsylvania, 537 U.S. 101, 109 (2003). As the Supreme Court emphasized in Richardson, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy," but "the failure of the jury to reach a verdict is not an event which terminates jeopardy." 468 U.S. at 325. In such an event, the Court stressed "[t]he Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." Id. at 326. Accord Rose v. Duggar, 508 So. 2d 321, 323 (Fla. 1987) (holding "article I, section 9 of the Florida Constitution does not prohibit a defendant's retrial when a prior trial

4

has been concluded by mistrial because of a hung jury"). In <u>Harris v. State</u>, 449 So. 2d 892 (Fla. 1st DCA 1984), we emphasized "[t]he double jeopardy provisions of the United States and Florida constitutions protect 'against multiple punishments for a single criminal offense,' not against *prosecution* for multiple offenses arising out of a single criminal episode." <u>Id.</u> at 895 n. 1 (quoting <u>Bell v. State</u>, 369 So. 2d 932, 934 (Fla. 1979)) (emphasis added). We continued: "Moreover, the declaration of a mistrial based upon the jury's inability to agree on a verdict does not constitute former jeopardy, and a defendant may be retried for the same offense." <u>Id.</u> (citations omitted).

More recently, in <u>Yeager v. United States</u>, 557 U.S. 129 (2009), the Supreme Court carefully explained why a jury's inability to reach a verdict on one count does not affect another count upon which the jury was able to reach a verdict:

> Because a jury speaks only through its verdict, its failure to reach a verdict cannot—by negative implication—yield a piece of information that helps put together the trial puzzle. . . . Unlike the pleadings, the jury charge, or the evidence introduced by the parties, there is no way to decipher what a hung count represents. Even in the usual sense of "relevance," a hung count hardly "make[s] the existence of any fact . . . more probable or less probable." A host of reasons—sharp disagreement, confusion about the issues, exhaustion after a long trial, to name but a few—could work alone or in tandem to cause a jury to hang. To ascribe meaning to a hung count would presume an ability to identify which factor was at play in the jury room. But that is not reasoned analysis; it is guesswork. Such conjecture about possible reasons for a jury's failure to reach a decision should play no part in

5

assessing the legal consequences of a unanimous verdict that the jurors did return.

Id. at 221-22 (citations and footnotes omitted). In Avila v. State, 86 So. 3d 511 (Fla. 2d DCA 2012), the Second District Court of Appeal interpreted the Supreme Court's language in Yeager to mean that a jury's inability to reach a verdict on a lesser charge does not equate to an acquittal of the greater charge. Id. at 516. But see Vitagliano v. State, 680 So. 2d 500 (Fla. 1st DCA 1996) (holding double jeopardy prohibits retrial on a sexual battery charge on which the jury was deadlocked, when the jury *acquitted* the defendant of the lewd and lascivious conduct charge resting on the same facts as the sexual battery charge).

In the present case, appellee was not acquitted of an offense arising from the same facts as the charge on which the jury was hung, as occurred in Vitagliano. Applying the Yeager analysis here, we conclude the jury's guilty verdict on Count III and appellee's conviction on that count said absolutely nothing concerning the sexual battery offense charged in Count I. Thus, because jeopardy was never terminated as to Count I, the trial court erred in dismissing that count. Consequently, the order of dismissal is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.

ROBERTS and MARSTILLER, JJ., CONCUR.