PER CURIAM.
The appellant appeals the summary denial of his motion to correct illegal sentence. Following concession of error by the State, we reverse and remand for further proceedings.
Following a trial, the appellant was convicted of corruption by threat against a public servant, a violation of section 838.021(l)(a), Florida Statutes (2011), and sentenced as an habitual- felony offender (HFO) to 7-years’ imprisonment, with a 5-year minimum mandatory imposed pursuant to the Prison Releasee Reoffender (PRR) statute.1 :He filed a motion to correct illegal sentence alleging that his conviction for corruption by threat against a public servant , does not qualify for PRR sentencing. . .
Section- 775.082(9)(a), Florida Statutes (2011), defines a Prison Releasee Reoffender as a defendant who commits an enumerated crime within ⅜ years of his or her 'release from prisoh. The crime of corruption by threat against a public servant is not an enumerated felony. However, section 775.082(9)(a)l.o, the so-called “catch-all” provision, allows for PRR sentencing for “[á]ny felony that involves the use or threat of physical force or violence against an individual.” ' Thé Florida Supreme Court has held that when “determining whether a felony qualifies for sentencing as a violent career criminal. (VCC) under a nearly identical catch-all provision, courts must look to the elements of the offense, not the facts of the case. See State v. Hearns, 961 So.2d 211 (Fla.2007). “If an offense may be committed without the use or threat of physical force or violence, then it is not a [felony which involves the use or-threat of-physical force or violence against an individual].” Id. at 215. The same analysis applies to the PRR statute because both the VCC and PRR statutes apply to convictions which “involve [] the use or threat of physical force or violence against an individual.” State v. Hackley, 95 So.3d 92, 95 (Fla.2012).
To prove the crime- of corrupting a public servant-by threat pursuant to; section *1284 838.021(1), the State must prove that a defendant “harm[ed] .or threatened] to harm any public servant, his or her immediate family, or any other person with whose welfare the public servant is interested.” § 838.021(l)(a), Fla.- Stat. (2011)(emphasis added). The -legislature has* defined “harm” as used in Chapter 838, Florida Statutes (2011), to mean “pecuniary or' other loss, disadvantage, or injury to- the person affected.” § 838.014(5), Fla. Stat. (2011) (emphasis added). Thus, a defendant need not use or threaten to use physical force or violence in order to violate section 838.021(l)(a). A threat to harm the public servant’s pecuniary interests is, sufficient. Because the crime of corrupting a public servant by threat can be committed without the use or threat of physical force or violence, and it is not an enumerated felony, it does not qualify, for PRR sentencing. Accordingly, we reverse for, the appellant to be resen-tenced without the PRR designation. See Johnson v. State, 985 So.2d 1215, 1216 (Fla. 1st DCA 2008).
• REVERSED and REMANDED for further proceedings.
THOMAS, BILBREY, and KELSEY, JJ., concur.