FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-5278
_____

MICHAEL DUNN,

　　Appellant,

　　v.

STATE OF FLORIDA,

　　Appellee.

_____


On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.


September 9, 2019


PER CURIAM.

Michael Dunn appeals an order summarily denying his motion for postconviction relief. Because Dunn's claims were conclusively refuted by the record or legally insufficient, we affirm.

*Facts*

In November 2012, Dunn was involved in a shooting that took place in the parking lot of a convenience store. Dunn was sitting in his car and complaining about loud music coming from a nearby car occupied by four men. After exchanging words with one of the passengers in the backseat of the other car, Dunn fired ten shots at the car. Nine shots struck the car—the last three hit the rear door on the passenger side. Dunn fired the first shots from his car but fired the last three shots after he had gotten out of his car. Dunn was standing in a shooting stance and fired the gun as the

other car drove away. A passenger in the back seat of the car was struck by one of the bullets and died.

Dunn was convicted of first-degree murder while discharging a firearm (count one), three counts of attempted second-degree murder while discharging a firearm (counts two-four), and one count of shooting or throwing deadly missiles (count five). The court sentenced Dunn to a mandatory term of life imprisonment on count one; to consecutive terms of thirty years' imprisonment with consecutive twenty-year mandatory-minimum terms on counts two, three, and four; and to fifteen years' imprisonment on count five. His convictions and sentences were affirmed on direct appeal. *Dunn v. State*, 206 So. 3d 802 (Fla. 1st DCA 2016).

Dunn timely moved for postconviction relief, raising eleven claims for relief. The trial court summarily denied the motion, rejecting all eleven claims. This timely appeal follows.

### Analysis

We review an order summarily denying a postconviction motion de novo. *Corbett v. State*, 267 So. 3d 1051, 1055 (Fla. 1st DCA 2019). To prevail on a claim of ineffective assistance of counsel, the appellant must show that counsel's performance was outside the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings because without the conduct, there is a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984); *Spencer v. State*, 842 So. 2d 52 (Fla. 2003).

### Claim One

Dunn alleges that the trial court provided incorrect answers to two jury questions: (1) whether the jury could render a verdict on counts two through five if it was deadlocked on a verdict for count one; and (2) whether self-defense applies to "person B, C, and D" if it applies to "person A." But claims of trial court error are not cognizable in a motion for postconviction relief. *Johnson v. State*, 985 So. 2d 1215, 1215 (Fla. 1st DCA 2008). Those claims must be raised on direct appeal. *Hodges v. State*, 885 So. 2d 338, 366 (Fla. 2004). The postconviction court properly denied this claim.

*Claim Two*

Dunn next argues that his counsel was ineffective for failing to object to the trial court's answers to the above questions. He contends that counsel should have advised the trial court that a verdict on counts two through five could be reached only after the jury determined the question of self-defense as to count one. And he argues that his self-defense claim to one victim applied to the other victims. This claim lacks merit and is procedurally barred.

As to the first question, the trial court properly informed the jury that it could render a verdict on some of the counts while being deadlocked on other counts. *State v. Muhammad*, 148 So. 3d 159, 161 (Fla. 1st DCA 2014) (observing that a jury's inability to reach a verdict on one count did not affect the jury's ability to reach a verdict on another count). Counsel cannot be found ineffective for failing to make a meritless objection. *Schoenwetter v. State*, 46 So. 3d 535, 546 (Fla. 2010). As to the second question, Dunn argued on direct appeal that the trial court incorrectly answered the question about self-defense, and this Court rejected that argument. He may not relitigate this claim by couching it terms of ineffective assistance of counsel. *Braddy v. State*, 219 So. 3d 803, 823 (Fla. 2017); *Thompson v. State*, 88 So. 3d 312, 318 (Fla. 4th DCA 2012). This claim was properly denied.

*Claim Three*

Next, Dunn argues that it was error to allow the jury to consider information learned from his first trial during his second trial. Dunn was originally tried on all five counts. The jury found Dunn guilty of counts two through five but was unable to reach a verdict on count one—first-degree murder. Dunn's second trial led to a guilty verdict on count one as well. He argues that some jurors during the second trial knew that he had already been convicted of several counts of attempted second-degree murder. This claim is procedurally barred. In his direct appeal, Dunn asserted that the trial court erred in denying his motion for change of venue during his second trial. Dunn argued the jurors' knowledge of the convictions obtained in the first trial prevented him from receiving a fair trial. Although Dunn did not raise the exact claim set forth in his postconviction motion during his direct appeal, Dunn relied on the same facts—that jurors learned of the outcome of the first

3

trial from outside sources to support both claims of prejudicial error. Because this claim should have been raised on direct appeal, this claim was properly denied. *Hodges*, 885 So. 2d at 366; *Johnson*, 985 So. 2d at 1215.

## *Claim Four*

Dunn alleges that his counsel was ineffective for failing to object to the trial court's exclusion of an expert witness's exhibits. The exhibits, offered by the defense during Dunn's second trial, depicted Dunn's car side-by-side with the victim's car and showed the trajectories of the bullets fired by Dunn. Dunn claims that the exhibits would have allowed the jury to conclude that the rear door of the car near the victim was open when Dunn fired the first shots. Although his counsel did not present the precise argument made by Dunn in his motion, she argued that the exhibits should be admitted because they supported the expert's conclusion that the victim's door was open. But even without the exhibits, Dunn's expert still testified that the victim's car door was open. And the jury still found Dunn guilty of first-degree murder. Because Dunn cannot establish that there is reasonable probability that the jury's verdict would have changed had the exhibits been admitted, this claim was properly denied. *Spencer*, 842 So. 2d at 61.

## *Claim Five*

Dunn next claims his counsel was ineffective for failing to hire an expert to examine the audio of the store's surveillance video. Dunn asserts that a sound recording could reveal that the sound heard two or three seconds before Dunn began firing his gun was a gunshot fired from another, unknown weapon. But Dunn's claim is refuted by the record. An accident reconstruction expert examined the sounds heard on the store's video and made no mention about another gun being fired before Dunn started shooting. Further, Dunn, who testified at trial, never alleged that anyone else fired a gun. Thus, Dunn's assertion that an expert would have examined the sound recording and concluded that a gunshot was fired before Dunn started firing is mere speculation. *Connor v. State*, 979 So. 2d 852, 863 (Fla. 2007) ("Relief on ineffective assistance of counsel claims must be based on more than speculation and conjecture."). This claim, too, was properly denied.

4

## Claim Six

Next, Dunn contends that his counsel should have obtained an accident-reconstruction expert with medical credentials to rebut the medical examiner's testimony about the position of one of the victims when the victim was shot. Dunn concedes that his counsel unsuccessfully sought to exclude the accident-reconstruction portion of the medical examiner's testimony. His counsel attacked the examiner's credibility as an accident-reconstruction expert and presented testimony of an accident-reconstruction expert to refute the examiner's testimony. Thus, Dunn's claim that an accident-reconstruction expert with medical credentials would have been more persuasive is speculative. Because he cannot show that but for counsel's alleged error the outcome of the trial would have been different, the trial court properly denied this claim. *Id.* at 863; *Spencer*, 842 So. 2d at 61.

## Claim Seven

Dunn then argues that his counsel was ineffective for failing to impeach the three victims with their prior inconsistent statements. But the record does not reveal any inconsistencies that would warrant defense counsel impeaching any of these victims. For this reason, this claim was properly denied as conclusively refuted by the record.

## Claim Eight

Dunn also asserts that his counsel was ineffective for failing to attack the credibility of an eyewitness. At trial, the witness testified that he heard Dunn say to one of the victims, "You're not going to talk to me like that." Dunn argued that the State relied on this statement to rebut his theory of self-defense, so defense counsel should have attacked the witness's credibility. Even assuming counsel should have impeached the witness, this claim lacks merit because there was ample evidence presented to rebut Dunn's theory of self-defense, including testimony from several witnesses that all the victims were unarmed. Thus, the trial court properly denied this claim. *Spencer*, 842 So. 2d at 61.

## Claim Nine

5

Next, Dunn argues that the State knowingly presented false testimony during his first trial. Dunn claims that a detective falsely testified about the operation of the child-safety locks in the victims' car. To raise a *Giglio*[*] violation, Dunn was required to show that (1) the testimony given was false; (2) the prosecutor knew the testimony was false; and (3) the statement was material. *Guzman v. State*, 868 So. 2d 498, 505 (Fla. 2003). False evidence is material "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* at 506.

The trial court properly found that any alleged false testimony by the detective about the operation of the child-safety locks was immaterial. Whether the locks were engaged at the time of the shooting was relevant only to the charge of first-degree murder. Their operation became a feature of the first trial, but the trial resulted in a mistrial on that count. Because there was no verdict or judgment of the jury that could have been impacted by any allegedly false testimony, this claim was properly denied.

*Claim Ten*

Dunn raises a second *Giglio* claim, arguing that the State knowingly presented false testimony in both trials that the child-safety locks were engaged during the incident. As stated in the previous discussion, Dunn did not show how any alleged inconsistency about the child locks was material. That evidence was relevant only to count one, which led to a hung jury. In the second trial, one witness testified that he believed that the rear door could not have been opened because he thought the child-safety locks were engaged. The other two witnesses did not address this issue. But even if the testimony of the witnesses conflicted, the witnesses testified as to their own perception of the events. This conflict in testimony does not mean that the prosecutor knowingly presented false testimony. *Ferrell v. State*, 29 So. 3d 959, 978 (Fla. 2010) (holding that a defendant "cannot establish a *Giglio* violation by showing merely that the State put on witnesses whose

---

[*] *Giglio v. United States*, 405 U.S. 150 (1972).

6

testimony conflicted with another person's version of events"). Thus, this claim was properly denied.

*Claim Eleven*

Last, Dunn makes a third *Giglio* claim. Dunn asserts that the State presented false testimony from the three victims that the door to the car was closed during the shooting. He asserts that the physical evidence and the testimony of the ballistics expert showed that the door was open and that one of the victims was exiting the car when Dunn fired the shots. Again, presenting conflicting testimony is not enough to establish a *Giglio* violation. *Id.* at 978. This claim was properly denied.

Because all of Dunn's claims lack merit, we AFFIRM the trial court's summary denial of the motion for postconviction relief.

B.L. THOMAS, ROWE, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Dunn, pro se, Appellant.

Ashley Moody, Attorney General, Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.