# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1438

_____

JAY ARTHUR KELLY,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Clay County.
Michael S. Sharrit, Judge.

October 21, 2019

RAY, C.J.

Jay Arthur Kelly appeals from an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.

Kelly pled guilty to one count of failing to comply with sexual offender registration requirements, a violation of section 943.0435, Florida Statutes (2016), in exchange for a sentence of thirty-six months in prison. This court affirmed his conviction and sentence without written opinion. *Kelly v. State*, 231 So. 3d 410 (Fla. 1st DCA 2017) (Table). In his sole ground for postconviction relief, Kelly alleges that his conviction should be vacated because he does not qualify as a sexual offender. Specifically, he argues that he should have been released for his qualifying offense prior to

October 1, 1997, the effective date of the relevant statute. *See* 943.0435(1)(h)1., Fla. Stat. (providing that a sexual offender is someone with a qualifying prior conviction who has "been released on or after October 1, 1997, from the sanction imposed for [the qualifying offense]"). The postconviction court denied the motion, correctly noting that Kelly had unsuccessfully raised this issue twice before—first in a motion to dismiss below and later on direct appeal.

Kelly's motion was properly denied as his claim is not cognizable in a rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based upon grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Johnson v. State*, 985 So. 2d 1215, 1215 (Fla. 1st DCA 2008) ("[P]rosecutorial misconduct, insufficiency of the evidence ..., and trial court error, are not cognizable in a collateral postconviction motion.").

AFFIRMED.

B.L. THOMAS and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jay Arthur Kelly, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.

2